NANCY LOU MEADOWS

*v.*

JAMES GARY DANIELS

(No. 14644)

Decided February 2, 1982.

*E. Dennis White, Jr.,* for appellant.

*Robert K. Means,* for appellee.

---

238

PER CURIAM:

This is an appeal from an order of the circuit court granting a judgment. Appellant, Daniels, asserts that the trial court erred in refusing to set aside that judgment.

We are presented with a rather limited record and appellee has filed no brief in this appeal. It appears that suit was instituted in December, 1974 to collect on a loan made to the defendant. A timely answer was filed and some discovery was undertaken. On September 14, 1978, the case was set for trial but the defendant did not appear and judgment was taken against him.

The defendant made a post-trial motion under Rule 60(b) filing affidavits that generally assert that prior to trial a settlement had been agreed upon between the plaintiff and defense counsel. It was further asserted by the defense that plaintiff's counsel would inform the court as to the fact of settlement. The defense attorney and a paralegal employee signed the affidavits. The only affidavit filed by the plaintiff's side was by the plaintiff herself who stated that while she was aware that settlement negotiations were conducted, she never approved of any settlement.

The trial court rejected the defense motion by order dated March 9, 1979. The order does not reflect whether an evidentiary hearing was held on the issue nor does it contain findings of fact in regard to whether there was a settlement. It is apparent that where a Rule 60(b) motion is made to set aside a judgment and there is a conflict as to the facts on whether there is a ground to set aside the judgment, the trial court should hold a hearing to resolve the disputed facts and make some findings relative thereto. Cf., *Parsons v. Consolidated Gas Supply Corp.,* W.Va. 256 S.E.2d 758 (1979); 7 *Moore's Federal Practice* ¶60.28[3] (2nd.ed. 1979).

In the absence of such findings, we do not pass upon the merits of the Rule 60(b) motion but remand this case to the trial court for such hearing and findings.

*Remanded.*