327 S.E.2d 158

**Roy GRALEY**

v.

**Imogene GRALEY.**

**No. 16317.**

Supreme Court of Appeals of West Virginia.

March 1, 1985.

Clarance E. Hall, II, Conaway & Hall, Madison, for appellee.

David B. McMahon, Legal Aid Society of Charleston, Charleston, for appellant.

BROTHERTON, Justice:

This is an appeal from an order of the Circuit Court of Boone County, denying a motion for an enlargement of time to file an answer pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.

Roy Graley and Imogene Graley were married October 6, 1959. Unfortunately, the marriage was not a happy one. On November 6, 1983, Mrs. Graley separated from her husband. On November 18, 1983, she was served with a summons and a complaint seeking a divorce. Approximately four days later Mrs. Graley contacted the Boone County office of the Legal Aid Society of Charleston. The Legal Aid Society was in an upheaval after the departure of several employees, so the petitioner was referred from the Boone County office of Legal Aid to the Kanawha County office, which re-referred her to the Boone County office. The paralegal in Boone County advised that since the parties had substantial assets and since the respondent was receiving miner's unemployment, she would have to contact a private attorney to represent her. The appellant contacted two private attorneys and was turned down by both and, therefore, recontacted Legal Aid on December 5, 1983, just three days prior to the last day to answer. On December 8, 1983, the last day to answer the complaint, the Legal Aid counsel for petitioner called counsel for respondent, who was not in, and left a message that he was requesting an extension of time to answer. The counsel for the petitioner was unable to make an appointment to see the petitioner until after the time to answer.

A hearing was set in the case for December 19, 1983. Mrs. Graley did not attend the hearing, because her husband had, the night before, beaten her to the point that she required hospitalization. Mr. Graley admitted that the couple had had a "scratching match" and a copy of the emergency room report showed that Mrs. Graley had been treated for bruises and abrasions. It was also noted on the record that the court received a phone call from Mrs. Graley that morning stating that she would not be in attendance because she was on her way to the hospital. Despite this, the court went ahead with the hearing and entered an order in favor of the respondent. Mr. Graley was granted a divorce and awarded both the motor vehicles and all the furniture and furnishings of the marital home. Mrs. Graley lost any right to alimony or equitable distribution of the parties' interest in the marital home, which was comprised of six lots, one home and two mobile homes. She was given only her clothing and personal effects.

Three days later, the petitioner moved for relief from the order pursuant to Rule 60(b). A hearing was held, and the court denied the motion. The case is submitted to this Court on the petition of Imogene Graley. Mr. Graley did not file a brief.

The petitioner asserts that on these facts she has made a sufficient showing to set aside the final order of the trial court under the following provisions of Rule 60(b) of the West Virginia Rules of Civil Procedure:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.

We agree with the appellant. The confusion in dealing with Legal Aid presented on the facts of this case is a case of excusable neglect, and while beating an adversary to the point that she is unable to attend the hearing may be a quite advanta-

geous trial tactic, it is not one that this Court will condone.

In *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979), this Court considered a default judgment entered after the defendant filed a late answer. There, the Court cited our policy that cases should be decided on their merits, and adopted from federal law the following considerations to test the propriety of a trial court's ruling on a Rule 60(b) motion:

> (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) The significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party. (citations omitted).

163 W.Va. at 464, 256 S.E.2d at 762. These factors all weigh in favor of Mrs. Graley. The prejudice suffered in this case is great indeed. Mrs. Graley is leaving a twenty-five year marriage without any spousal support and little property. Furthermore, Mr. Graley was not seriously inconvenienced by his wife's delay in filing an answer.

■ Our holding is further supported by a multitude of cases which provide that a Rule 60(b) motion should be given a liberal construction. *See, e.g., Kelly v. Belcher*, 155 W.Va. 757, 773, 187 S.E.2d 617, 626 (1972). If any doubt exists as to whether relief should be granted, such doubt should be resolved in favor of setting aside the default judgment in order that the case may be heard on the merits. *McDaniel v. Romano*, 155 W.Va. 875, 878, 190 S.E.2d 8, 11 (1972). The law strongly favors an opportunity for the defendant to make a case to an action against him. *Intercity Realty Co. v. Gibson*, 154 W.Va. 369, 376, 175 S.E.2d 452, 456 (1970).

Mrs. Graley has shown both excusable neglect and misconduct of an adverse party, as well as making a strong case on the general principles of equity. For these reasons, we reverse the order of the trial court and remand the case to the trial court with instructions to allow the appellant to file an answer in these proceedings.

Reversed and remanded.