399 S.E.2d 903

**Jack L. STROBRIDGE and James Douglas Fries**

v.

**Wilbur A. ALGER, Jr.**

**No. 19435.**

Supreme Court of Appeals of West Virginia.

Dec. 6, 1990.

Robert D. Aitcheson, Robert D. Aitcheson, L.C., Charles Town, for Wilbur A. Alger, Jr.

Cynthia A. Gaither, Gaither & Reynolds, Martinsburg, for Jack L. Strobridge and James Douglas Fries.

PER CURIAM:

Wilbur A. Alger, Jr. appeals an order of the Circuit Court of Berkeley County refusing to set aside an order determining that his four parcels of land would be considered as two combined lots for development. Mr. Alger asserts that the order was either based on incomplete evidence or, in the alternative, that his lawyer lacked authority to enter a compromise. Although the circuit court held a brief hearing, Mr. Alger was not allowed to present fully his grounds for setting aside the judgment. Because the hearing did not resolve the disputed facts, we reverse the circuit court and remand this case for a hearing.

On December 14, 1987, Jack L. Strobridge and Douglas Fries, neighbors of Mr. Alger, sought to enjoin him from developing, as four separate lots, his land that is located between their properties. The record is limited but it appears that at a hearing held on January 8, 1988, the circuit court determined that Mr. Alger's property consisted of two combined lots for development rather than four separate lots.[1] No order concerning the hearing was entered until September 12, 1988.

On March 23, 1988, the circuit court entered an order stating that the parties "had reached a settlement of the outstanding issues in this case" and the order lifted the injunction to allow development of the land as two combined lots. One lot's development was restricted to converting a house into four apartments and the other lot's development to the placement of one trailer.[2] By a motion filed August 3, 1988, Mr. Alger sought to have the March 23, 1988 order set aside alleging that his lawyer acted without his authority to settle the case. In particular Mr. Alger objected to the restriction of the house/apartment lot because before the injunction he had installed a septic system for a trailer on part of the combined lot. In their response, Mr. Strobridge and Mr. Fries maintained that the settlement order incorporated the findings of the circuit court's hearing of January 8, 1988 and submitted a proposed order based on that hearing.

On September 12, 1988, the circuit court entered an order based on the January 8, 1988 hearing holding that Mr. Alger's property consisted of two combined lots and restricting further development of the property. Mr. Alger's objection to the September 12, 1988 order was overruled.[3]

After several postponements, the circuit court conducted a hearing on December 20, 1988. In that hearing, Mr. Alger attempted to have the March 23, 1988 order set aside by showing that he had not given his lawyer authority to settle the matter. Once the order was set aside, Mr. Alger indicated that he would introduce evidence that the January 8/September 12, 1988 order was based on incomplete information. The record indicates that the circuit court only allowed Mr. Alger to testify concerning the authority of his former lawyer to settle the suit and refused to continue the hearing to allow Mr. Alger to present addi-

---

1. Although the record contains various deeds, plat plans and descriptions of the subject property, the record contains no transcript of the hearing or explain of the deeds or other exhibits.

2. The March 23, 1988 order also ordered Mr. Alger to complete a road and a privacy fence.

3. The record contains no transcript of a hearing on Mr. Alger's objections to the September 12, 1988 order and the case was continued because of insufficient time.

tional evidence. On appeal Mr. Alger alleges that if the March 23, 1988 order is a based on a settlement, his lawyer acted without Mr. Alger's authority and if the March 23, 1988 order is based on the circuit court decision of January 8/September 12, 1988, the circuit court's decision was based on incomplete evidence.

## I

The *West Virginia Rules of Civil Procedure*, Rule 60(b) [1988], defines the circumstances under which a party can obtain relief from a final judgment. Rule 60(b) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*See* Syllabus Point 1, *Savas v. Savas,* 181 W.Va. 316, 382 S.E.2d 510 (1989). In *N.C. v. W.R.C.,* 173 W.Va. 434, 317 S.E.2d 793, 796 (1984), we noted that *West Virginia Rules of Civil Procedure,* Rule 60(b) is similar to the same provision of the *Federal Rules of Civil Procedure* in that:

The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of

res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts.

*N.C. v. W.R.C.* quoting *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970).

In *Meadows v. Daniels,* 169 W.Va. 237, 286 S.E.2d 423 (1982), we required that where there is a conflict of facts alleged in a Rule 60(b) motion, the circuit court should hold a hearing to resolve them. The Syllabus of *Meadows, Id.,* states:

Where a Rule 60(b) motion is made to set aside a judgment and there is a conflict as to the facts on whether there is a ground to set aside the judgment, the trial court should hold a hearing to resolve the disputed facts and make some findings relative thereto.

*See Savas supra,* 181 W.Va. at 319, 382 S.E.2d at 513.

When Mr. Alger filed his Rule 60(b) motion, the March 23, 1988 order was the only order of record and it stated that the parties had reached a compromise.[4] Seeking relief from the March 23, 1988 order, Mr. Alger alleged in his Rule 60(b) motion that his lawyer was not authorized to settle the case.[5] Shortly after Mr. Alger's motion was filed, Mr. Strobridge and Mr. Fries submitted a proposed order indicating that at a hearing on January 8, 1988, the circuit court had decided the major issues. Without a hearing on Mr. Alger's objections, the proposed order, as amended, was signed by the circuit court on September 12, 1988.

At the December 20, 1988 hearing on his Rule 60(b) motion, Mr. Alger testified that his lawyer was not authorized to settle the suit, but was not allowed to present evidence that the circuit court overlooked a crucial deed in reaching its decision. Because of the eight month delay in filing the order for the January 8, 1988 hearing, the hearing on Mr. Alger's Rule 60(b) motion should have attempted to resolve all the disputed facts including the

---

**4.** Shortly after the March 23, 1988 order, Mr. Alger obtained new counsel.

**5.** *See Humphreys v. Chrysler Motors Corp.,* 184 W.Va. 30, 399 S.E.2d 60 (1990) for a recent discussion of a lawyer's authority to compromise a client's case.

allegation that a crucial deed was overlooked.

■ An appeal of the denial of a Rule 60(b) motion reviews "only the order of the denial itself and not the substance supporting the underlying judgment ... [or] the final judgment order." *Hinerman v. Levin,* 172 W.Va. 777, 310 S.E.2d 843, 849 (1983). Generally a Rule 60(b) motion is addressed to the sound discretion of the trial court and that court's ruling will not be disturbed unless it constitutes a clear abuse of discretion. *Id.;* Syllabus Point 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974); *Coolfont Mountainside Association v. Ashelman,* 180 W.Va. 638, 378 S.E.2d 847 (1989).

■ In the present case, the hearing conducted by the circuit court is insufficient to allow us to determine if the court's ruling constitutes a clear abuse of discretion. We, therefore, do not pass upon the merits of the Rule 60(b) motion but remand this case to the circuit court for a complete hearing and findings on the disputed facts.

Reversed and remanded.