510 S.E.2d 496

**STATE of West Virginia ex rel. Mary Elizabeth BESS, Petitioner,**

v.

**Honorable Irene C. BERGER, Judge of the Circuit Court of Kanawha County, and Gregory David Bess, Respondents.**

No. 25202.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1998.

Decided Dec. 8, 1998.

---

Maureen Conley, Esq., Legal Aid Society of Charleston, Charleston, West Virginia, Attorney for Petitioner.

F. Alfred Sines, Jr., Esq., Victoria L. Casey, Esq., Charleston, West Virginia, Attorneys for Gregory David Bess.

## PER CURIAM:[1]

Petitioner Mary Elizabeth Bess seeks a writ of mandamus[2] directing the Honorable Irene Berger to hear and consider her exceptions to Family Law Master Page Hamrick's recommended order. Since Petitioner had failed to file her exceptions to the recommended order within the ten-day period provided by West Virginia Code § 48A–4–17(a) (1998), the circuit court took the position that it was without authority to consider Petitioner's exceptions. After fully considering this issue, we grant a moulded writ of mandamus solely to require Judge Berger to hold a hearing on Petitioner's motion for relief filed pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.

## I. FACTS

Petitioner married Gregory David Bess in November 1991 and their son, Gregory David Bess II, was born on January 14, 1992. Petitioner and her husband separated on July 8, 1996, and Mr. Bess subsequently initiated divorce proceedings in that same year. The final hearing before Family Law Master Hamrick was held on July 24, 1997. At the close of this hearing, the family law master instructed the parties' counsel to submit proposed findings of fact within thirty days. Petitioner's counsel at that time, Duane Rosenlieb, failed to submit the proposed findings.

Family Law Master Hamrick signed the recommended order on April 23, 1998, and sent it to respective counsel for Mr. and Mrs. Bess[3] with the accompanying notation that both parties had from April 25, 1998, until May 5, 1998, to file objections to the recommended order. When no exceptions were filed by either side, Judge Berger signed the final order on May 8, 1998.

Petitioner first learned of the entry of the final order when Mr. Rosenlieb telephoned her on May 15, 1998, to apprise her of the order. By letter of that same date, Mr. Rosenlieb instructed Petitioner that she had ten days from his receipt of the order on May 13, 1998, to file her exceptions. In a pro se document filed with the circuit court on May 20, 1998, Petitioner asserted her exceptions to the family law master's ruling two weeks after the ten-day exception filing period had expired.[4] Judge Berger refused this petition without a hearing or written order. On May 22, 1998, Petitioner filed a pro se "Petition for Review" with the circuit court, which the circuit court similarly refused without hearing or written order.

Petitioner, through current counsel, filed a motion for relief from a final order pursuant to rule 60(b) of the West Virginia Rules of Civil Procedure on May 29, 1998. Judge Berger again refused this motion without the benefit of a hearing or written order. Petitioner seeks a writ of mandamus to compel

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. This matter has been filed with this Court pursuant to the provisions of West Virginia Code § 51–1–3 (1994), which grant this Court original jurisdiction to hear matters brought in mandamus.

3. Mr. Rosenlieb told Petitioner's current counsel that he never received a copy of the family law master's recommended order. Although he informed Ms. Conley that he would sign an affidavit stating he never received such order, Mr. Rosenlieb failed to submit such an affidavit to Petitioner's current counsel.

4. The grounds stated by Petitioner in support of her exceptions were the law master's finding that neither parent could be established as the primary caretaker and the consequent award of custody to Mr. Bess.

Judge Berger to consider her grounds for seeking a modification of the custody ruling.

## II. DISCUSSION

To the circuit court, this case presents a vehicle for resolving whether the language of West Virginia Code § 48A–4–17(a),[5] which requires a party to file exceptions to a law master's recommended order within ten days, and expressly states that exceptions not filed within this period of time are waived, prohibits a trial court in all instances from granting a party permission to file such exceptions outside of the designated filing period.[6] The circuit court took the position that it had no discretion with regard to Petitioner's late filing of exceptions and subsequent attempts at review before the circuit court due to the temporally constrictive language of West Virginia Code § 48A–4–17(a). The circuit court looked specifically to the statutory language that states: "Failure to timely file the petition shall constitute a waiver of exceptions, unless the petitioner, prior to the expiration of the ten-day period, moves for and is granted an extension of the time from the circuit court." W. Va.Code § 48A–4–17(a). There is no dispute that Petitioner did not seek an extension of time in which to file her exceptions.

A more immediate issue must first be resolved—the circuit court's failure to rule on Petitioner's Rule 60(b) motion.[7] In syllabus point one of *Savas v. Savas,* 181 W.Va. 316, 382 S.E.2d 510 (1989), we identified the grounds set forth in Rule 60(b) for relief from final orders:

> Rule 60(b) of the West Virginia Rules of Civil Procedure provides a basis for relieving a party from a final judgment upon the following grounds: (1) mistake, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied or vacated; or (6) any other reason justifying relief. The motion for relief must be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment order was entered.

As grounds for her Rule 60(b) motion, Petitioner asserts excusable neglect. Specifically, Petitioner avers in her motion for relief that she reasonably believed that her former attorney had "correctly advise[d] her of the time to file" exceptions. Due to the erroneous advice Mr. Rosenlieb provided Petitioner regarding the filing of her exceptions, she argues that the circuit court has the authority to permit her to file exceptions to the law

---

**5.** West Virginia Code § 48A–4–17(a) provides that:

> Within ten days after the master's recommended order, any separate document with findings of fact and conclusions of law and the notice of recommended order is served on the parties as set forth in section thirteen [§ 48A–4–13] of this article, any party may file exceptions thereto in a petition requesting that the action by the master be reviewed by the circuit court. Failure to timely file the petition shall constitute a waiver of exceptions, unless the petitioner, prior to the expiration of the ten-day period, moves for and is granted an extension of time from the circuit court. At the time of filing the petition, a copy of the petition for review shall be served on all parties to the proceeding, in the same manner as pleadings subsequent to an original complaint are served under rule five of the rules of civil procedure for trial courts of record.

**6.** The circuit court indicated by letter to Petitioner's counsel dated July 16, 1998, apparently prepared in explanation for its denial of a hearing on the motion for relief from final order, that it

uniformly denies all requests for filing exceptions beyond the ten-day period imposed by West Virginia Code § 48A–4–17(a). The circuit court further stated in the same correspondence that "this Court will await guidance from the Supreme Court as to whether, and under what circumstances, this Court should deviate from the statute."

**7.** In fairness to the circuit court, we observe that the lower court invited Petitioner's counsel by letter dated July 16, 1998, *see* note 6 *supra,* to prepare an order consistent with the court's statements in that letter regarding its position to never authorize the late filing of exceptions to family law master's recommended orders. However, even if Petitioner's counsel had prepared such an order for the circuit court's signature, it would not have addressed the merits of whether Petitioner was entitled to Rule 60(b) relief under the asserted grounds of excusable neglect, as the lower court's basis for denying Petitioner relief was its interpretation of West Virginia Code § 48A–4–17(a). Nonetheless, it remains the longstanding requirement of this Court that parties must first secure orders from the lower courts before seeking relief from this tribunal.

master's report based on grounds of excusable neglect. At the very least, Petitioner asserts that she is entitled to a hearing on the grounds she has raised in her Rule 60(b) motion.

This Court previously addressed the ground of excusable neglect in *Graley v. Graley,* 174 W.Va. 396, 327 S.E.2d 158 (1985), finding that the requisite grounds for Rule 60(b) relief were met by a defendant who had failed to answer a divorce complaint and failed to appear at a scheduled hearing. In that case, the trial court proceeded to hold the hearing and enter a default judgment in favor of the husband despite the fact that the wife had called the judge's office to report that she was on her way to the hospital to seek medical treatment. *Id.* at 397, 327 S.E.2d at 159. Concluding that the wife's ability to produce medical records verifying her treatment for domestic abuse constituted "both excusable neglect and misconduct of an adverse party, as well as making a strong case on the general principles of equity[,]" we reversed the entry of the default judgment and ruled that the defendant was entitled to file an answer to the complaint. *Id.* at 398, 327 S.E.2d at 160.

■ Critical to the issue of seeking Rule 60(b) relief is a timely filing requesting such relief.[8] In *Savas,* this Court emphasized that a Rule 60(b) motion asserting relief on certain grounds, among them excusable neglect, must be filed within a reasonable period of time:

> When a court undertakes to analyze a Rule 60(b) motion based on grounds (1), (2), (3), or (6) of the Rule, it must determine first if the motion has been filed within eight months after the judgment was entered and then determine, under all the circumstances, if it was filed within a reasonable time.

181 W. Va. at 317, 382 S.E.2d at 511, syl. pt. 2. Petitioner filed her Rule 60(b) motion twenty-one days after the circuit court had entered its final order and fourteen days after she was apprised by her former counsel of the filing of the final order.[9] Given the promptness with which Petitioner sought review of the circuit court's final order, it would be difficult to ascribe fault against Petitioner on the issue of whether she timely filed her Rule 60(b) motion.

Petitioner finds herself in the unpleasant situation of having had the circuit court completely refuse to consider her Rule 60(b) motion. In *Strobridge v. Alger,* 184 W.Va. 192, 399 S.E.2d 903 (1990), an analogous procedural dilemma was presented by the trial court's denial of a Rule 60(b) motion without permitting a complete hearing on the grounds asserted in the motion.[10] We were compelled to remand that case given the lack of any reviewable rulings on the Rule 60(b) motion from which we could make our determination of whether the lower court had abused its discretion in denying the requested Rule 60(b) relief. *Id.* at 195, 399 S.E.2d at 906. We find ourselves in a similar situation here. Because the lower court has refused to enter a ruling with corresponding grounds on Petitioner's Rule 60(b) motion, we cannot properly address the issue of whether the trial court's implicit denial of such ruling constitutes an abuse of discretion. As we observed in *Strobridge,* this Court's review in Rule 60(b) cases is limited: "[a]n appeal of the denial of a Rule 60(b) motion reviews 'only the order of the denial itself and not the substance supporting the underlying judgment . . . [or] the final judgment order.'" 184 W. Va. at 195, 399 S.E.2d at 906 (quoting *Hinerman v. Levin,* [172] W.Va. [777], [783], 310 S.E.2d 843, 849 (1983)).

■ Finding no basis for concluding that Rule 60(b) should not apply to the present case,[11] we remand this matter to the

---

8. We note that pursuant to amendments that went into effect on April 6, 1998, the time period for requesting relief under Rule 60(b) has been expanded from eight months to one year.

9. The record indicates that Petitioner first received a copy of the circuit court's final order on May 15, 1998.

10. While a hearing was held on the Rule 60(b) motion, the trial court did not permit the movant to introduce evidence critical to the issue. *See Strobridge,* 184 W.Va. at 194, 399 S.E.2d at 905–06.

11. Since Rule 60(b) is routinely applied to a multitude of case scenarios involving time deadlines, there appears to be no sound basis for determining that it should not apply to this case

circuit court with the instruction that the lower court hold an actual hearing on the merits of Petitioner's motion for relief under Rule 60(b). In the syllabus of *Meadows v. Daniels,* 169 W.Va. 237, 286 S.E.2d 423 (1982), we ruled that:

> Where a Rule 60(b) motion is made to set aside a judgment and there is a conflict as to the facts on whether there is a ground to set aside the judgment, the trial court should hold a hearing to resolve the disputed facts and make some findings relative thereto.

From the limited record before us, we cannot determine whether there is in fact a conflict as to the factual grounds underlying Petitioner's assertion of excusable neglect.[12] Regardless of the presence of factual conflict, the trial court must address the merits of Petitioner's Rule 60(b) motion to provide a proper basis for appellate review. *See Strobridge,* 184 W.Va. at 195, 399 S.E.2d at 906.

While we do not suggest how the circuit court should rule on the Rule 60(b) motion on remand, we observe that just as in *Graley,* various equitable concerns [13] warrant serious consideration of Petitioner's Rule 60(b) mo-

tion, as well as this Court's previous acknowledgment in *Kelly v. Belcher,* 155 W.Va. 757, 187 S.E.2d 617 (1972), that subdivision (b) of Rule 60 "should be liberally construed to accomplish justice." *Id.* at 773, 187 S.E.2d at 626. Similarly, we offer no recommendation as to what the ultimate decision should be with regard to the underlying custody issue, in the event the lower court decides to grant the Rule 60(b) motion.

Based on the foregoing, the Circuit Court of Kanawha County is directed to hold a hearing on Petitioner's motion for relief from final order filed pursuant to Rule 60(b) and to issue rulings in connection with its granting or denial of such motion. Accordingly, the writ of mandamus requested by Petitioner is hereby granted as moulded.

Writ granted as moulded.

Justice McGRAW did not participate in the decision of this case.

---

merely based on the language of West Virginia Code § 48A–4–17(a) that imposes a ten-day period, absent a request for an extension, for filing exceptions to family law master's recommended orders. *See Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848 (11th Cir.1996) (holding that failure to demand trial de novo within required thirty-day period was excusable neglect where request was only six days late; the result of failed communication between associate attorney and lead counsel; and no prejudice suffered by defendant); *see also* Moore's Federal Practice § 60.41[1][b] (3rd ed.1998) (citing cases where relief warranted under comparable federal rule 60(b) including factual scenarios involving pro se parties unaware of procedural requirements); *Pioneer Investment Services Co. v. Brunswick Assocs., Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (discussing meaning of "excusable neglect" under federal bankruptcy rules with reference to federal rule 60(b) and concluding that whether a party's neglect of a deadline may be excused is an equitable decision turning on "all relevant circumstances surrounding the party's omission").

**12.** Respondent Mr. Bess has in fact filed a motion with this Court seeking the filing of an affidavit prepared by the law master's secretary, Renee L. McDonnell, which contains averments that, consistent with both her notes and her common practice, she forwarded the recom-

mended order to the parties in this case on April 24, 1998.

**13.** Some of those equitable concerns include the fact that Petitioner has no alternate remedy through which to seek a review of the law master's decision to grant custody to her ex-husband since a malpractice suit could only result in monetary damages; the fact that Petitioner is not at fault with regard to her former counsel's dilatoriness or mistake in advising his client regarding the period of time for filing exceptions to the recommended order; and the fact that Petitioner acted with such alacrity upon being notified of the final order.

We also observe that the ten-day limit imposed on filing exceptions to recommended orders of family law masters has its genesis in federal legislation which requires that states develop "procedures under which expedited processes ... are in effect under the State judicial system or under State administrative processes (A) for obtaining and enforcing support orders, and (B) for establishing paternity." 42 U.S.C. § 666 (1994). Petitioner argues that because a support order is not at issue in this case (merely custody), the ten-day rule should not be harshly applied to prohibit her from effective court review.

Furthermore, because child custody is an issue of paramount importance, there is a clear preference for a decision on the merits, rather than one based on a procedural default.