584 S.E.2d 899

**In re the Marriage of Kerry D. DELAPP (Now Kisner), Petitioner Below, Appellee,**

v.

**David John DELAPP, Respondent Below, Appellant.**

No. 31043.

Supreme Court of Appeals of West Virginia.

Submitted May 20, 2003.

Decided June 19, 2003.

758

Belinda A. Haynie, Esq., Morgantown, for Kerry Diane Delapp.

William C. Brewer, Esq., Bader C. Giggenbach, Esq., Brewer & Giggenbach, PLLC, Morgantown, for John David Delapp.

PER CURIAM.

John David Delapp, the appellant herein and respondent in the divorce action below, appeals the order of the Circuit Court of Monongalia County that denied the appellant's Rule 60(b) motion to set aside the circuit court's bifurcated order on property distribution, child support, alimony, and expert and attorney fees.[1] In this appeal, the appellant asserts that the circuit court erred

---

1. Specifically, the appellant appeals the circuit court's March 1, 2002, order that denied his motion to reconsider the denial of his Rule 60(b) motion. In its March 1, 2002, order, the circuit court explained:

> According to the W.Va. Supreme Court, there is no provision in the Court Rules which allow [sic] for a "motion to reconsider." See *Rowan v. McKnight*, 184 W.Va. 763, 403 S.E.2d 780 (1991), FN 2....
>
> In light of the fact that the respondent's original 60(b) motion was already denied by this

Court, it had concerns about hearing another 60(b) motion, because its denial of the first 60(b) motion, according to the Supreme Court, was "final and appealable." However, after considering all the circumstances of this case and reading the somewhat persuasive brief of the respondent, this Court decided to allow the respondent to reargue his 60(b) motion so that, at the very least, a more developed record could be made regarding the motion.

in finding that it lacked authority to grant relief from its March 7, 2001, final order because the appellant failed to timely file his petition for review of the family law master's recommended order. For the reasons set forth below, we agree with the appellant. Therefore, we reverse and remand for the circuit court to consider on the merits the appellant's petition for review.

## I.

## FACTS

Kerry Diane Delapp, the appellee, filed for divorce from Dr. John David Delapp, the appellant. On January 30, 2001, the family law master,[2] after several hearings, entered a final recommended order on the issues of property distribution, child support, alimony, and expert and attorney fees. The family law master's Notice of Recommended Order, provided to the parties on January 31, 2001, indicated that a petition for review must be filed no later than February 20, 2001.

On that date, the appellant's counsel, Mr. William Brewer, filed a request for a ten-day extension in which to file the petition, which was granted. At about 9:30 a.m. on March 7, 2001, an employee of Mr. Brewer attempted to file the appellant's petition for review in the circuit clerk's office, and was informed that the final order had already been signed and entered by the circuit court.

On March 9, 2001, the appellant filed a motion, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, to set aside the final order of the circuit court due to inadvertence or excusable neglect in the untimely filing of the petition for review. A memorandum of law in support of the Rule 60(b) motion was filed on March 27, 2001. The motion was denied by the circuit court by order dated December 28, 2001. Thereafter, on January 11, 2002, the appellant filed a motion for reconsideration. A full evidentiary hearing was held on this motion on February 8, 2002.

At this hearing, the appellant's counsel, Mr. Brewer, testified that he and his law partner, Bader C. Giggenbach, had calculated the filing deadline for the petition for review to be March 6, 2001.[3] However, due to previous confusion in the circuit clerk's office regarding calculation of a proper filing date in an earlier case, Mr. Brewer instructed his office manager to confirm the filing deadline with the circuit clerk's office. Mr. Brewer's office manager testified that she and a deputy clerk had several conversations, and she understood the deputy clerk to indicate that March 7, was the correct filing deadline, and that the deputy clerk had confirmed this date with the circuit judge. The deputy clerk testified, however, that she did not recall saying that March 7, was the filing deadline but rather that the recommended order would "go up to the judge on the 7th." She admitted, however, that such language "could be confused" by Mr. Brewer's office manager. Finally, the deputy clerk testified that she confirmed the March 7, date with the circuit judge's clerk, not the circuit judge.

By order of March 1, 2002, the circuit court denied the appellant's motion for reconsideration. First, the circuit court found that it is undisputed that the ten-day extension gave the appellant until March 6, 2001, to file a petition for review of the final order. Also, the court found "that the neglect of the [appellant's] counsel in filing the petition in a timely [sic] manner was *excusable neglect* ... due to the fact that, based on the

---

**2.** Effective January 1, 2002, the Legislature significantly revamped the family courts of West Virginia by replacing the family law master system with a new system of family court judges. *See* W.Va. Const., Art. VIII, § 16 and W.Va.Code §§ 51–2A–1 to 23 (2001).

**3.** According to Rule 6(a) of the West Virginia Rules of Civil Procedure, in part:

*Computation.* —— In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is fewer than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

evidence presented at the hearing, the mistake on part of counsel was clearly an honest, good faith mistake of fact."[4] The court concluded, however, that, pursuant to this Court's holding in *Czaja v. Czaja*, 208 W.Va. 62, 537 S.E.2d 908 (2000), it had "absolutely no discretion to accept, and review on the merits, a petition for review when the party attempting to submit the petition fails to do so within the temporal confines of [W.Va. Code] § 48A–4–17 (1999)." The appellant now appeals the March 1, 2002, order.

## II.

### STANDARD OF REVIEW

■ There are two issues before this Court. The first is whether the circuit court erred in finding that it lacked authority to grant relief to the appellant, pursuant to Rule of Civil Procedure 60(b), where the appellant failed to timely file his petition for review of the family law master's recommended order. We review the circuit court's finding on this issue *de novo. See* Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law ... we apply a *de novo* standard of review."). The second issue is whether the circuit court properly found that the appellant's untimely filing of the petition for review was due to excusable neglect under Rule 60(b). On this issue, we are guided by our rule that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syllabus Point 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). Finally, we are mindful that,

> A court, in the exercise of discretion given it by the remedial provisions of Rule 60(b), W.Va.R.C.P., should recognize that the rule is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits.

Syllabus Point 6, *Toler v. Shelton, supra.*

## III.

### DISCUSSION

#### A. The Applicable Law

■ In his sole assignment of error, the appellant argues that the circuit court erred in determining that our holding in *Czaja, supra*, precluded it from providing relief to the appellant under West Virginia Rule of Civil Procedure 60(b)(1). We agree with the appellant.

According to Syllabus Point 1 of *Czaja:*

> The provisions of West Virginia Code § 48A–4–17 (1999)[5] are clear in their in-

**4.** The court noted, however, that it never represented to the circuit clerk's office that the actual deadline was March 7, rather than March 6, 2001. The court further found that the untimely filing of the petition for review was in no way the fault of the court "or any of this Court's offices."

**5.** Former W.Va.Code § 48A–4–17(a), in effect in March 2001, provided:

> Within ten days after the master's recommended order, any separate document with findings of fact and conclusions of law and the notice of recommended order is served on the parties as set forth in section thirteen [§ 48A–4–13] of this article, any party may file exceptions thereto in a petition requesting that the action by the master be reviewed by the circuit court. Failure to timely file the petition shall constitute a waiver of exceptions, unless the petitioner, prior to the expiration of the ten-day period, moves for and is granted an extension of time from the circuit court. At the time of filing the petition, a copy of the petition for review shall be served on all parties to the proceeding, in the same manner as pleadings subsequent to an original complaint are served under rule five of the rules of civil procedure for trial courts of record.

> Also, according to former Rules 22 and 23 of the West Virginia Rules of Practice and Procedure For Family Law which were in effect during the events at issue:

> Rule 22. The ten-day period for filing a petition for review under Chapter 48A, article 4, section 17 of the Code of West Virginia shall commence on the date on which the parties are served with the notice and recommended order. When service is had by first-class mail, three (3) days shall be added to the time period, as provided by Rule 6(e) of the West Virginia Rules of Civil Procedure.

> Rule 23. A party seeking review of a recommended order may, prior to the expiration of the ten-day period for filing a petition for review, file with the circuit clerk a notice for extension of time. Upon such filing, an addi-

tent. Failure to comply with the ten-day period for filing exceptions to a recommended order of a family law master, barring a timely filing of and approval of one ten-day extension period, is fatal with regard to preserving those exceptions for appeal.

This Court has indicated, however, that "the statement contained in a syllabus is to be read in the light of the opinion." *Jones v. Jones*, 133 W.Va. 306, 310, 58 S.E.2d 857, 859 (1949), *citing Koblegard, Trustee v. Hale*, 60 W.Va. 37, 41, 53 S.E. 793, [794] (1906). *See also State v. Franklin*, 139 W.Va. 43, 79 S.E.2d 692 (1953), *Cupano v. W.Va. Ins. Guaranty Assoc.*, 207 W.Va. 703, 536 S.E.2d 127 (2000). The facts of *Czaja* differ considerably from the facts of the instant case. We conclude, therefore, that Syllabus Point 1 of *Czaja* is not applicable to the instant facts.

In *Czaja*, the family law master entered a recommended order on November 23, 1998, concerning the appellee's visitation rights. The due date for the filing of exceptions to the recommended order was December 7, 1998, at which time the appellant filed notice of her request for a ten-day extension. The circuit court granted the extension which meant that the appellant now had until December 17, 1998, to file exceptions. However, the appellant did not file her exceptions until December 28, 1998. She contended that the filing was not untimely because the guardian ad litem initially was not served with the notice and recommended order and, as a result, the parties were re-served along with the guardian ad litem on December 3, 1998, with an indication that December 17, 1998, was the deadline for filing exceptions. According to the appellant, her extension allowed her ten days from December 17, to file, which made the correct deadline December 27.

In rejecting the appellant's reasoning, we noted that both named parties were served with the notice and the recommended order on November 23, 1998, and that the filing date for exceptions pursuant to the first notice was December 7, 1998. After reviewing all of the facts of the case, this Court was "left with a palpable sense that Appellant's counsel was trying to 'buy' time in any fashion possible for filing Appellant's exceptions." *Czaja*, 208 W.Va. at 69, 537 S.E.2d at 915 (footnote omitted). In contrast, in the instant case, the circuit court found that the appellant's failure to timely file his petition for review was due to a good faith mistake which amounted to excusable neglect. Accordingly, we conclude that the rule set forth in Syllabus Point 1 of *Czaja* does not prevent the circuit court from granting relief to the appellant from the March 7, 2001, order pursuant to Rule 60(b).

Applicable, rather, to the present case is this Court's decision in *State ex rel. Bess v. Berger*, 203 W.Va. 662, 510 S.E.2d 496 (1998) (per curiam).[6] In *Bess*, the petitioner's counsel failed to submit proposed findings of fact within the thirty-day period set by the family law master. Also, the petitioner asserted her exceptions to the family law master's ruling two weeks after the ten-day exception filing period had expired. The circuit court refused to consider the exceptions and subsequently also refused to consider the petitioner's Rule 60(b) motion for relief from the final order. The petitioner thereafter sought a writ of mandamus from this Court to compel the circuit court to consider her grounds for seeking modification of the recommended order.

The circuit court in *Bess* refused to consider the petitioner's exceptions for much the same reason that the circuit court below refused to grant relief to the appellant.

The circuit court took the position that it had no discretion with regard to Petitioner's late filing of exceptions and subsequent attempts at review before the circuit court due to the temporally constrictive

tional ten (10) days shall be granted in which to file a petition for review. Only one ten-day extension may be granted. A copy of a request for an extension shall be served upon all parties.

As a result of the Legislature's revamping of the family court system as stated in footnote 2,

*supra*, W.Va.Code § 48-4-17, and Rules 22 and 23 are no longer in effect.

**6.** In *Walker v. Doe*, 210 W.Va. 490, 558 S.E.2d 290 (2001), we renounced any prior statements of this Court to the effect that per curiam opinions are not legal precedent.

language of West Virginia Code § 48A-4-17(a). The circuit court looked specifically to the statutory language that states: "Failure to timely file the petition shall constitute a waiver of exceptions, unless the petitioner, prior to the expiration of the ten-day period, moves for and is granted an extension of the time from the circuit court." W.Va.Code § 48A-4-17(a).

*Bess*, 203 W.Va. at 665, 510 S.E.2d at 499. This Court rejected the circuit court's reasoning, granted the writ as moulded, and instructed the circuit court to hold a hearing on the merits of the petitioner's motion for relief under Rule 60(b). Further, we opined that,

> Since Rule 60(b) is routinely applied to a multitude of case scenarios involving time deadlines, there appears to be no sound basis for determining that it should not apply to this case merely based on the language of West Virginia Code § 48A-4-17(a) that imposes a ten-day period, absent a request for an extension, for filing exceptions to family law master's recommended orders.

*Bess*, 203 W.Va. at 666-67 n. 11, 510 S.E.2d at 500-01 n. 11 (citations omitted). In accord with our reasoning in *Bess*, we find that Rule 60(b) applies in the instant case to grant relief to the appellant from the March 7, 2001, order of the circuit court.

### B. The Existence of Excusable Neglect

■ The appellee cross-assigns as error the circuit court's determination that the appellant's untimely filing of the petition for review was due to excusable neglect. In support of her position, the appellee asserts that this Court traditionally has held that attorney negligence does not constitute excusable neglect. She also emphasizes the fact that the appellant's counsel calculated the due date for the filing of the petition for review to be March 6, 2001. The appellee contends that the appellant's counsel chose to ignore his own calculation in order to gain additional time.

According to Syllabus Point 1 of *Savas v. Savas*, 181 W.Va. 316, 382 S.E.2d 510 (1989):

> Rule 60(b) of the West Virginia Rules of Civil Procedure provides a basis for relieving a party from a final judgment upon the following grounds: (1) mistake, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied or vacated; or (6) any other reason justifying relief. The motion for relief must be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than [one year][7] after the judgment order was entered.

(footnote added). We have described excusable neglect as requiring "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Bailey v. SWCC*, 170 W.Va. 771, 777 n. 8, 296 S.E.2d 901, 907 n. 8 (1982), *superseded by statute on other grounds as stated in Fucillo v. Workers' Compensation Com'r*, 180 W.Va. 595, 378 S.E.2d 637 (1988).

■ As noted by the appellee, in *White v. Berryman*, 187 W.Va. 323, 332, 418 S.E.2d 917, 926 (1992), this Court said that "[i]t is generally held that an attorney's negligence will not serve as the basis for setting aside a default judgment on grounds of 'excusable neglect.'" However, subsequent to this statement, in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court found that "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." 507 U.S. at 394, 113 S.Ct. at 1497, 123 L.Ed.2d at 89. The Court explained that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," 507 U.S. at 395, 113 S.Ct. at 1498, 123 L.Ed.2d at 89 (footnote omitted), and listed

---

7. A prior version of Rule 60(b) provided that a motion for relief shall be made not more than *eight months* after final judgment. However, the rule was later amended to provide that a motion shall be made not more than *one year* after judgment.

four factors to assist courts in making that determination. These factors are "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." 507 U.S. at 395, 113 S.Ct. at 1498, 123 L.Ed.2d at 89–90 (footnote omitted).

In *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir.1996), the court utilized these factors where judgment was entered against the plaintiff, Cheney, after he filed his demand for a trial *de novo* following an arbitration award six days after the deadline had passed and three days after the trial court had entered judgment against him. The court found that the trial court abused its discretion by refusing to set aside its judgment because the *Pioneer* factors weighed in the plaintiff's favor. The court explained:

> The reason for the delayed filing was a failure in communication between the associate attorney and the lead counsel. The circumstances of the error were obviously within counsel's control, but their noncommunication and resulting inaction amounts only to an "omission[ ] caused by carelessness." *See [Pioneer]*, at 388, 113 S.Ct. at 1495. In other words, their failure to comply with the filing deadline is attributable to negligence. There is no indication that counsel deliberately disregarded Local Rule 8.06. Anchor Glass has not argued that Cheney intended to delay the trial, or that he sought an advantage by filing late. The nonfiling was simply an innocent oversight by counsel. We find no bad faith that would warrant forfeiture of Cheney's right to a full trial of his cause.
>
> On balance, the lack of prejudice to Anchor Glass, the minimal degree of delay and the reason therefor, and the lack of impact on the judicial proceedings, when coupled with the lack of bad faith on the part of Cheney, require a finding by the district court that the neglect of Cheney's counsel was "excusable."

*Cheney*, 71 F.3d at 850.

After considering the facts before us in light of the factors set forth in *Pioneer*, we agree with the circuit court that the appellant's untimely filing of his petition for review was due to excusable neglect. The facts show that, even though the appellant's counsel, Mr. Brewer, had determined that the deadline for the filing of the petition was March 6, 2001, because of confusion concerning the proper date in an earlier proceeding, he decided to confirm the March 6, date with the circuit clerk's office. The deputy clerk with whom Mr. Brewer's office manager spoke testified that she informed Mr. Brewer's office manager that the order would "go up to the judge on the 7th," and that she informed Mr. Brewer's office manager that she confirmed this date with the circuit judge's clerk. Mr. Brewer's office manager testified, on the other hand, that she understood the deputy clerk to say that the correct deadline for filing the petition was March 7, and that this date was confirmed with the circuit judge. The deputy clerk admitted that it "could be confused" whether the deadline was March 6, as opposed to March 7.

We conclude from this evidence that the reason for the untimely filing of the petition for review was an honest miscommunication between the circuit clerk's office and Mr. Brewer's office. Although Mr. Brewer had previously calculated the deadline as March 6, and he testified that he was glad to have the extra day, we find no evidence that Mr. Brewer deliberately disregarded the proper deadline or intentionally sought to gain additional time. In fact, Mr. Brewer testified that the petition was actually finished on March 5th. In other words, we find no bad faith on Mr. Brewer's part. Further, we fail to see how the filing of the petition *one* day late worked prejudice to the appellee or had a detrimental effect on the proceedings.

■ Concerning the assessment of a Rule 60(b) motion, this Court has also held:

> When a court undertakes to analyze a Rule 60(b) motion based on grounds (1), (2), (3), or (6) of the Rule, it must determine first if the motion has been filed within [one year] after the judgment was entered and then determine, under all the

circumstances, if it was filed within a reasonable time.

Syllabus Point 2, *Savas v. Savas, supra.* The facts show that the appellant filed his Rule 60(b) motion to set aside the March 7, 2001, order just two days later on March 9, 2001. He filed his memorandum in support of this motion on March 27, 2001. These filings were obviously within one year after the judgment was entered, and we find that they were clearly within a reasonable time.

Finally, the appellee cites several cases in support of her argument that the appellant's untimely filing was not due to excusable neglect. We do not find these cases apposite to the instant facts. In *White v. Berryman, supra,* this Court held that the failure to set aside a default judgment was not an abuse of discretion. In that case, however, the appellant filed no responsive pleading to the complaint and did not file his motion to set aside the default judgment until nearly two months after he first became aware of the default judgment and over three months after the default judgment order was entered. In two other cases cited by the appellee, *Johnson v. Nedeff,* 192 W.Va. 260, 452 S.E.2d 63 (1994) and *Perdue v. Hess,* 199 W.Va. 299, 484 S.E.2d 182 (1997), this Court refused, as a matter of law, to apply Rule 60(b) to provide relief where parties failed to comply with the applicable statutes of limitation for instituting suit. The policies underlying statutes of limitation do not apply to the present facts.

## IV.

### CONCLUSION

For the reasons stated above, we agree with the circuit court that the appellant has shown excusable neglect, pursuant to Rule of Civil Procedure 60(b)(1), for failing to timely file his petition for review of the family law master's recommended order. We find, however, that the circuit court erred in its determination that our holding in *Czaja* prevents it from granting relief to the appellant. Ac-

cordingly, we reverse the circuit court's denial of the appellant's motion to set aside the March 7, 2001, order, and we remand for the circuit court[8] to consider the appellant's petition for review of the family law master's recommended order.

Reversed and remanded.

---

8. We emphasize that this case is being remanded to the *circuit court.* Under W.Va.Code § 51–2A–23(a) (2001), the family law master system ceased to function on January 1, 2002, at which time the new family court judges system went into effect. However, on remand, the circuit

court is to consider the appellant's petition for review of the family law master's recommended order pursuant to former W.Va.Code § 48A–4–20 (1999), which concerns a circuit court's review of a family law master's recommended order.