# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: N.C. & B.B.**

**No. 13-0605** (Cabell County 09-JA-67 & 68)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Paternal Grandmother G.M., by counsel A. Courtenay Craig, appeals the Circuit Court of Cabell County's order entered on May 24, 2013, denying her motion for relief from judgment.[1] The guardian ad litem, Cathy L. Greiner, has filed her response on behalf of the children in support of the circuit court's order. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion for relief from judgment because it previously failed to comply with the requirements for notice in regard to dispositional hearings, and because she was not afforded a dispositional hearing in regard to permanent placement or a right to be heard at disposition.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] The abuse and neglect proceedings below concerned two children. On appeal, however, petitioner seeks custody of B.B. only. As such, only the circuit court's rulings in regard to this child will be addressed in this memorandum decision. Further, the Court notes that Mr. Craig represented petitioner's son, the father of B.B., in his related criminal action and in his appeal of the termination of his parental rights to this Court.

[2] Petitioner additionally alleges error in regard to the circuit court's February 22, 2010, order awarding temporary placement of the children with the maternal grandmother and the subsequent denial of her motion to reconsider that order. However, the Court declines to address any alleged error in regard to either the temporary placement order or the order denying her motion for reconsideration because the issue of temporary placement is moot in light of the subsequent final order permanently placing the children with the maternal grandmother. Further, petitioner's assignment of error alleging that both her motion to reconsider temporary placement and her Rule 60(b) motion were timely filed and should both be considered Rule 60(b) motions does not require discussion on appeal. In light of our decision to not address the orders regarding temporary placement, and because the Rule 60(b) motion was not denied due to untimely filing, this assignment of error is without merit.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The instant petition was filed after B.B.'s father stabbed and killed the children's mother while B.B. slept in the next room. Based on this action, he was adjudicated as a neglectful parent. Initially, the children were both placed with petitioner, B.B.'s paternal grandmother, and petitioner intervened in the abuse and neglect proceedings below. However, after reports of poor and disparate treatment to N.C., the children were moved to foster care, and then eventually placed together with their maternal grandmother, J.C. Throughout the proceedings, the children's counselor, the guardian, the DHHR, and the circuit court agreed that the children should remain together. During the proceedings, petitioner made numerous attempts to regain custody of B.B. only, indicating that she was not interested in obtaining custody of N.C. These requests were denied based on the circuit court's order that the children remain placed together and the DHHR's finding that the maternal grandmother was a proper placement for both children.

After several continuances, the father was convicted of voluntary manslaughter and concealing a dead body in relation to the stabbing death of the children's mother.[3] The circuit court found that, based on this conviction, the case constituted aggravated circumstances and terminated the father's parental rights. The children were to continue their placement with the maternal grandmother, with whom they had both lived for approximately two years at the time of disposition, while petitioner was granted visitation. The Court notes that petitioner did not appeal the order terminating the father's parental rights and ordering placement with the maternal grandmother.[4]

In October of 2012, petitioner filed a motion for relief from judgment in regard to the circuit court's placement order. Thereafter, the circuit court held a hearing on petitioner's motion wherein petitioner argued for additional discovery and more testimony regarding the children's relationship and home life. The circuit court reiterated its desire for the children to remain together and noted that petitioner did not want custody of both children. The circuit court then denied petitioner's motion. It is from the subsequent order that petitioner appeals.

We have previously held that

"[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of

---

[3] Petitioner appealed his conviction to this Court and the same was affirmed by memorandum decision. *State v. Blevins*, No. 12-0438 (W.Va. Supreme Court, June 24, 2013)(memorandum decision).

[4] The father did appeal the termination of his parental rights, and this Court affirmed the same by memorandum decision. *In re N.C. and B.B.*, No. 12-0250 (W.Va. Supreme Court, Sept. 24, 2012)(memorandum decision).

such discretion." Syllabus Point 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974).

Syl. Pt. 1, *Delapp v. Delapp*, 213 W.Va. 757, 584 S.E.2d 899 (2003). Further, in regard to the scope of our review on such rulings, we have stated that "'[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.' Syllabus point 3, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)." Syl. Pt. 3, *Jividen v. Jividen*, 212 W.Va. 478, 575 S.E.2d 88 (2002). Based upon this standard of review, the Court declines to grant petitioner relief in regard to any of her assignments of error.[5]

The scope of review on this appeal prohibits analysis of the substance of the underlying final order in regard to placement. That being the case, our review is limited to an analysis of the order denying petitioner's motion for relief from judgment made pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. As noted above, the circuit court held a hearing on petitioner's motion wherein she argued for additional discovery and more testimony regarding the children's relationship with one another and their home life. The circuit court also heard petitioner's allegations that newly discovered evidence was available in the form of reports that the guardian and a social worker allegedly withheld and that other alleged inaccuracies regarding the children's histories, which petitioner alleged amounted to mistakes in fact and fraud, prohibited a proper placement determination.

In denying petitioner's motion for relief from judgment, the circuit court specifically stated that it would not be inclined to alter the children's placement even "giving [petitioner] the benefit of the doubt." Simply put, the circuit court was correct that the children's best interest required undisturbed permanency with the maternal grandmother. We have previously held that "[i]n a contest involving the custody of an infant the welfare of the child is the polar star by which

---

[5] The Court notes that, on appeal, petitioner's argument is primarily based on an allegation that the circuit court failed to hold a dispositional hearing in regard to the children's permanent placement and that she was not afforded an opportunity to be heard. We decline to address these allegations for several reasons. First, such an allegation would not entitle petitioner to relief under any of the factors set forth in Rule 60(b) of the West Virginia Rules of Civil Procedure. Second, even if this were an appropriate ground for relief under that rule, we have already addressed the issue of the circuit court's appropriate dispositional hearing. In affirming the termination of the father's parental rights, this Court noted that his allegation that a proper dispositional hearing was never held was meritless. In fact, we noted that the DHHR filed a notice that it was moving for the termination of the father's parental rights and a specific hearing was held on the same. This hearing was continued at least once, based on the continuances in the related criminal action, without petitioner ever objecting. In total, the abuse and neglect proceedings below were continued for more than two years, and it is clear from the record that petitioner had numerous opportunities to be heard, and was, in fact, heard. Petitioner was present and represented by counsel at all hearings since her motion to intervene was granted, and was allowed to present evidence, question witnesses, and generally make her position known.

the discretion of the court will be guided." Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)." Syl. Pt. 3, *In re Frances J.A.S.*, 213 W.Va. 636, 584 S.E.2d 492 (2003). It is clear that the circuit court made its determination in light of the children's best interest, specifically stating that it was "satisfied [the children's] placement with the maternal grandmother meets this goal." As such, we find no abuse of discretion in the circuit court denying petitioner's motion for relief from judgment.

For the foregoing reasons, we find no error in the decision of the circuit court and its May 24, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4