# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jarrell Gay Scott,**
**Petitioner Below, Petitioner**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0823** (Kanawha County 12-MISC-260)

**Honorable Mike Kelly, Judge of the Family**
**Court of Kanawha County; and Christy Dawn**
**Cline, formerly Scott,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Jarrell Gay Scott, by counsel, Duane C. Rosenlieb Jr., appeals the May 29, 2012, order of the Circuit Court of Kanawha County denying his petition for a writ of prohibition against Kanawha Family Court Judge Mike Kelly. Respondent Christy Dawn Cline did not file a responsive pleading.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

### FACTUAL AND PROCEDURAL HISTORY

Petitioner and Respondent Cline were divorced by final order of the circuit court entered May 4, 1993.[2] The circuit court awarded Respondent Cline reimbursement for medical expenses, her share of a checking account balance, attorney's fees, and costs in the final divorce action.

---

[1]Rule 10(d) of the Rules of Appellate Procedure provides that if a respondent's brief fails to respond to an assignment of error, this Court will assume that the respondent agrees with the petitioner's view of the issue. Respondent has failed to file any responsive brief with this Court. However, as set forth herein, petitioner's brief and our review of the record have failed to convince us that reversal is appropriate. Accordingly, we decline to rule in petitioner's favor because respondent failed to file a brief. *Cf.* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991) (recognizing that the Court is not obligated to accept the State's confession of error in a criminal case; instead, the Court will conduct a proper analysis).

[2]At the time the circuit court entered this order, the current family court system was not in existence. "Effective January 1, 2002, the Legislature significantly revamped the family courts

1

Over the nearly two decades since such award was made, petitioner has paid nothing to satisfy that award. On November 13, 2011, Respondent Cline filed a petition for contempt in the family court seeking to collect on the judgment. Respondent Cline attached a copy of the divorce order to her petition, as well as an abstract of execution in the amount of $10,011 issued by the clerk on August 3, 2006. Judge Kelly issued a "Notice of Contempt Hearing/Rule to Show Cause" on November 11, 2011, which set a hearing for December 19, 2011. Both parties appeared pro se, and the matter was rescheduled until January 20, 2012, for a final hearing. Petitioner retained counsel and filed a motion to dismiss arguing that although an abstract of judgment had been obtained and entered by the circuit clerk, it was for the wrong amount and it did not toll the statute of limitations on the enforcement of judgments defined in West Virginia Code § 38-3-18 because an execution of judgment was not obtained, served, and returned within ten years following the judgment.

The matter came on for hearing on January 20, 2012. On February 2, 2012, Judge Kelly entered an order denying petitioner's motion to dismiss. Judge Kelly found that Respondent Cline had met all the required statutory criteria to preserve her judgment. He set the matter for further proceedings on March 21, 2012, and specifically found that his order was not "a final order."

Thereafter, on March 8, 2012, petitioner filed a petition for writ of prohibition in circuit court, arguing that the judgment obtained by Respondent Cline had not tolled the ten-year statute of limitations, and asking that Judge Kelly's order be set aside. Judge Kelly filed a letter response. The circuit court issued an order granting the writ of prohibition, and referred the case back to Judge Kelly for further hearing.

On March 21, 2012, the parties appeared before Judge Kelly. At that time, Judge Kelly presented counsel with five exhibits, each documenting some aspect of Respondent Cline's judgment against petitioner. In addition, Respondent Cline's counsel presented a calculation purporting to show that petitioner's actual amount of principal and interest on the 1993 judgment was $18,813.

On May 10, 2012, petitioner filed a second writ of prohibition asserting that family court lacked jurisdiction to hear the enforcement of Respondent Cline's judgment in a contempt proceeding.

On May 11, 2012, the matter was convened again before the family court. On May 14, 2012, Judge Kelly entered an order finding petitioner in contempt, and granting a stay pending appeal. The May 14, 2012, family court order granted judgment against petitioner in the amount of $6,511, plus interest in the amount of $12,302, for a total judgment of $18,813. The appendix

---

of West Virginia by replacing the family law master system with a new system of family court judges." *Delapp v. Delapp*, 213 W.Va. 757, 759 n.2, 584 S.E.2d 899, 901 n.2 (2003) (citations omitted).

record does not reflect whether petitioner appealed the May 14, 2012, decision to circuit court.[3]

Judge Kelly filed a letter response to the circuit court on May 24, 2012, stating that family court had jurisdiction over this matter even though the 1993 circuit court order was entered prior to the creation of the family courts. He maintained that the case was "transferred to the jurisdiction of the family court" by operation of Rule 3(b) of the Rules of Practice and Procedure for Family Courts. Judge Kelly also stated that family courts have jurisdiction to hear petitions for contempt pursuant to West Virginia Code § 51-2A-9, titled "Contempt Powers of Family Court Judge."[4]

On May 29, 2012, the circuit court denied petitioner's writ of prohibition and held that family courts have jurisdiction to hear petitions for contempt pursuant to West Virginia Code § 51-2A-9. Petitioner appeals this ruling and requests that we remand the matter for entry of an order dismissing the petition for contempt.

## DISCUSSION

### Standard of Review

---

[3]In his brief, petitioner argues that the statute of limitations expired on enforcing the judgment, citing Syllabus Point 4 of *State ex rel. West Virginia Department of Human Resources v. Varney*, 221 W.Va. 517, 655 S.E.2d 539 (2007). We decline to address this argument. If petitioner did appeal the May 14, 2012, judgment order to circuit court, that issue is not before this Court at this time.

[4] West Virginia Code § 51-2A-9 states:

Contempt Powers of Family Court Judge.
(a) In addition to the powers of contempt established in chapter forty-eight [§§ 48-1-101 et seq.] of this code, a family court judge may:
   (1) Sanction persons through civil contempt proceedings when necessary to preserve and enforce the rights of private parties or to administer remedies granted by the court;
   (2) Regulate all proceedings in a hearing before the family court judge; and
   (3) Punish direct contempts that are committed in the presence of the court or that obstruct, disrupt or corrupt the proceedings of the court.
(b) A family court judge may enforce compliance with his or her lawful orders with remedial or coercive sanctions designed to compensate a complainant for losses sustained and to coerce obedience for the benefit of the complainant. Sanctions must give the contemnor an opportunity to purge himself or herself. In selecting sanctions, the court must use the least possible power adequate to the end proposed. A person who lacks the present ability to comply with the order of the court may not be confined for a civil contempt. Sanctions may include, but are not limited to, seizure or impoundment of property to secure compliance with a prior order. Ancillary relief may provide for an award of attorney's fees.

The sole issue in this appeal is whether the circuit court erred by denying petitioner's petition for a writ of prohibition. This Court has held that:

"'Prohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari.' Syl. Pt. 1, *Crawford v. Taylor,* 138 W.Va. 207, 75 S.E.2d 370 (1953)." Syl. Pt. 1, *State ex rel. Richmond Am. Homes of W.Va., Inc. v. Sanders,* 226 W.Va. 103, 697 S.E.2d 139 (2010).

Syl. Pt. 2, *State ex rel. Wooten v. Coal Mine Safety Board of Appeals*, 226 W.Va. 508, 703 S.E.2d 280 (2010). We also look to our standard of review applicable to this matter:

"The standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo.*" Syl. Pt. 1, *State ex rel. Callahan v. Santucci,* 210 W.Va. 483, 557 S.E.2d 890 (2001).

Syl. Pt. 1, *Wooten*.

### The Family Court System

To resolve the issue of whether the family court had jurisdiction in this matter, we begin our discussion with a brief overview of the development of our current family court system. In *State ex rel. West Virginia Department of Health and Human Resources v. Wertman*, 210 W.Va. 366, 369-70, 557 S.E.2d 773, 776-77 (2001) (footnote omitted), this Court explained that

[p]rior to the ratification on November 7, 2000, of the Unified Family Court Amendment to the state constitution, Article VIII, Section 1 of the West Virginia Constitution provided the sole definition of the courts and judicial officers in the state:

The judicial power of the State shall be vested solely in a supreme court of appeals and in the circuit courts, and in such intermediate appellate courts and magistrate courts as shall be hereafter established by the legislature, and in the justices, judges and magistrates of such courts.

W.Va. Const. art. VIII, § 1.

The Unified Family Court Amendment to the state constitution added family courts to the judicial structure of the state by appending the following provision to Article VIII:

There is hereby created under the general supervisory control of the supreme court of appeals a unified family court system in the state of West Virginia to rule on family law and related matters. Family courts shall have original jurisdiction in the

4

areas of family law and related matters as may hereafter be established by law. Family courts may also have such further jurisdiction as established by law.

Family court judges shall be elected by the voters for a term prescribed by law not to exceed eight years, unless sooner removed or retired as authorized in this article. Family court judges must be admitted to practice law in this state for at least five years prior to their election. Family court judges shall reside in the circuit for which he or she is a judge.

The necessary number of family court judges, the number of family court circuits and the arrangement of circuits shall be established by law. Staggered terms of office for family court judges may also be established by law.

The supreme court of appeals shall have general supervisory control over all family courts and may provide for the assignment of a family court judge to another court for temporary service. The provisions of section seven and eight of this article applicable to circuit judges shall also apply to family court judges.

W.Va. Const. art. 8, § 16.

With the ratification of the Unified Family Court Amendment, family court judges have judicial officer status, and they may now conduct contempt hearings for which they may enter and enforce orders. *Id. See also* W.Va. Code § 51-2A-9. We note that "[e]ffective January 1, 2002, all family court cases pending before the circuit court" were transferred to the jurisdiction of the family court pursuant to Rule 3(b) of the West Virginia Rules of Practice and Procedure for Family Court.

### Family Court's Jurisdiction

Considering the foregoing, we find that Judge Kelly did have jurisdiction to address Respondent Cline's petition for contempt. The family court judges are "vested with judicial power to entertain and resolve cases involving certain domestic relations matters." *Wertman*, 210 W.Va. at 371, 557 S.E.2d at 778.

Petitioner urges this Court to find an exception in this case because the circuit court issued the 1993 final order prior to the enactment of the family court system. We are not persuaded by his argument that the case did not transfer to the family court system because it was not technically "pending," considering the final order. In *Ray v. Ray*, 216 W.Va. 11, 602 S.E.2d 454 (2004), this Court addressed a similar factual scenario. In *Ray*, the parties were divorced by a final order entered by the circuit court in 2000, prior to the enactment of the family court system. The circuit court entered a subsequent final order in 2001 that obligated Mr. Ray to pay monthly child support. Thereafter, Mr. Ray filed a petition to modify the child support award

in the family court. This Court found that the family court would have jurisdiction to hear a petition for modification of the final order pursuant to West Virginia Code § 51-2A-10(a), if it was filed properly:[5]

> Although the *final order* was entered by the circuit court, and not the family court, W.Va. Code § 51-2A-10(a) could have been used because "[e]ffective January 1, 2002, all family court cases pending before the circuit court, whether on review of recommended order or otherwise, [were] transferred to the jurisdiction of the family court." Rule 3(b), West Virginia Rules of Practice and Procedure for Family Court.

*Id.* 216 W.Va. at 14 n.10, 602 S.E.2d at 457 n.10. (Emphasis supplied).

Similarly, we find that the family court had jurisdiction in this case to resolve Respondent Cline's petition for contempt seeking to collect payment on the 1993 judgment.

### Writ of Prohibition

For the foregoing reasons, we affirm the order of the circuit court denying petitioner's petition for writ of prohibition. Petitioner's dispute of the May 14, 2012, judgment order would more appropriately be addressed by an appeal of that ruling to the circuit court. "This Court looks with disfavor upon the use of the extraordinary writ process to address problems which should have been handled by an appeal. The writ of prohibition is truly an extraordinary remedy, one which should be reserved for extraordinary cases." *State ex rel. McGraw v. King*, 229 W.Va. 365, 371 729 S.E.2d 200, 206 (2012).

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

---

[5]In *Ray,* this Court went on to find that the family court lacked subject matter jurisdiction to entertain the petition to modify because it was not properly filed: "Mr. Ray did not avail himself of the relief permitted by W.Va. Code § 51-2A-10(a)" and instead "erroneously invoked W.Va. Code § 48-11-105" to challenge a child support order before the expiration of the appeal period. *Ray v. Ray*, 216 W.Va. 11, 14, 602 S.E.2d 454, 457 (2004).