350 S.E.2d 701

**Bertha BEGO**

v.

**Carlos BEGO, Sr.**

**No. 16810.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1986.

Decided Nov. 14, 1986.

J. Michael Ranson, Scott A. Ash, Bucci & Ranson, Charleston, for appellant.

Parrish McKittrick, McKittrick & Murray, St. Albans, for appellee.

McGRAW, Justice:

This is an appeal from the denial by the Circuit Court of Kanawha County of a motion to set aside a final divorce decree dissolving the marriage between the plaintiff/appellee, Bertha Bego, and the defendant/appellant, Carlos Bego. We find that the court below, in effect, granted a default judgment against the appellant in violation of his statutory rights and contrary to fundamental constitutional concepts of justice and we reverse.

Bertha Bego filed for divorce on January 31, 1984, and summons was served on Carlos Bego on February 9, 1984. A letter dated March 22, 1984 from Henry R. Glass, III, indicated that his firm would not be able to represent the appellant in the divorce action and urged him to "obtain other counsel" to "forthwith file a responsive pleading to said Complaint." Apparently Mr. Bego did not obtain other counsel and no answer was ever filed to the original complaint. Mrs. Bego filed an amended complaint on August 6, 1984, which, along

with a notice and subpoena duces tecum for a hearing before a special divorce commissioner, was served on Mr. Bego that same day. The notice specified the relief Mrs. Bego sought and stated that the appellant could appear and show cause in opposition to Mrs. Bego's motion.

Mr. Bego did not file an answer to the amended complaint, but appeared at the hearing before the commissioner, which hearing was scheduled for two days after the answer was due. At the beginning of the hearing the commissioner informed the appellant that, since he had failed to file an answer and had not "avail[ed] yourself of counsel as provided by the Code of the State of West Virginia," he would only be allowed to observe the proceedings, but not participate in any way. The appellant apparently left the room to attempt to obtain counsel over the telephone and, upon failing to do so, returned to quietly observe the hearing.

Soon after the hearing, the appellant obtained counsel. In his brief the appellant tells us that his counsel wrote to the commissioner requesting that the case be reopened to allow Mr. Bego to cross-examine the witnesses and put on rebuttal evidence. Nevertheless, the commissioner's report was sent to Mrs. Bego's attorney on October 16, 1984. There is no indication of record that either the appellant or his counsel received a copy of that report. On October 23, 1984, the appellant filed a response to the amended complaint and a counterclaim for divorce.

The circuit court judge entered an order on December 11, 1984, granting the divorce and much of the relief requested by Mrs. Bego. The appellant complains that he was not notified in advance of this action. On January 25, 1985, the appellant filed a motion to set aside the divorce order, stating his objections and exceptions to the prior proceedings, but the motion was denied on June 14, 1985. It is from that denial which Mr. Bego appeals.

I.

■ This Court has recognized that the right of self-representation in civil proceedings is a constitutionally based fundamental right which cannot be arbitrarily or unreasonably denied. Syllabus Point 1, *Blair v. Maynard,* 174 W.Va. 247, 324 S.E.2d 391 (1984). This right extends to divorce proceedings. *Hawkinberry v. Maxwell,* 176 W.Va. 526, 345 S.E.2d 826 (1986). Article III, section 17 of the West Virginia Constitution guarantees that every person, including those representing themselves, will have access to the courts. *Blair,* 174 W.Va. at 251, 324 S.E.2d at 395.

■ When a litigant chooses to represent himself, it is the duty of the trial court to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party. *Id.* at 395–96. Most importantly, the trial court must "strive to insure that no person's cause or defense is defeated solely by reason of their unfamiliarity with procedural or evidentiary rules." *Id.* at 396 (citing *Mazur v. Department of Transportation,* 507 F.Supp. 3 (E.D.Pa.1980), *aff'd* 649 F.2d 860 (3d Cir.1981), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3111(2), 69 L.Ed.2d 973 (1981); *Connecticut Light and Power Co. v. Kluczinsky,* 171 Conn. 516, 370 A.2d 1306 (1976); *Lombardi v. Citizens National Trust & Savings Bank,* 137 Cal.App.2d 206, 289 P.2d 823 (1955)).

■ In the instant case, the appellant received the notice of the commissioner's hearing informing him he could appear in opposition to Mrs. Bego's motion for relief at the same time he was served with a summons to answer Mrs. Bego's amended complaint. It is not surprising, then, that he felt he could make his answer to the amended complaint in the form of an appearance at the commissioner's hearing.[1]

---

1. An appearance is "[t]he first act of a defendant in court, being the overt act by which he submits himself to the court's jurisdiction." Ballentine's Law Dictionary 82 (3d edition 1969); *see M. Fisher, Sons & Co. v. Crowley,* 57 W.Va. 312, 50 S.E. 422 (1905). We have become accustomed to a defendant making his appearance when he answers the complaint, 5 Am.Jur.2d *Appearance* § 16 (1962), that we are taken aback when he makes his appearance by appearing before the court in person. While mere presence in the courtroom does not necessarily

The commissioner noted the appellant's presence and the fact that no written answer to the amended complaint had been filed. Rather than making "reasonable accommodations" so that the appellant could effectively exercise his right of access to the court system, the commissioner chided the appellant for failing to avail himself of counsel and informed the appellant that he would only be allowed to observe the proceedings, threatening him with ejectment for any interruptions.

A special commissioner acts as the primary fact gatherer in divorce cases, W.Va.Code § 48–2–25 (1986 Replacement Vol.), and, once adopted by the trial court, his findings are considered as the findings of the court. W.Va.R.Civ.P. 52(a). A commissioner may serve as "the right arm of the court," *Hartman v. Evans*, 38 W.Va. 669, 677, 18 S.E. 810, 813 (1893), and "[h]is duties are of a grave and responsible nature." *Raiford v. Raiford*, 193 Va. 221, 226, 68 S.E.2d 888, 892 (1952) (quoting *Bowers' Administrator v. Bowers*, 70 Va. (29 Gratt.) 697, 700 (1878)). When acting in the court's stead, a commissioner has a duty identical to that of the court to make reasonable accommodations for a litigant who is representing himself, insuring that substantial justice is done.[2]

In the instant case, there was no finding by the commissioner that the appellant was engaged in a course of conduct demonstrating a clear intention to obstruct the administration of justice. While it is true that the appellant had failed to file a written answer due two days earlier, no inquiry was made as to the existence of a bona fide defense or any mistake, inadvertence, surprise, excusable neglect, or unavoidable cause explaining the appellant's failure to answer. Under the circumstances, prohibiting the appellant from participating in the proceedings in this action was an unreasonably harsh measure. *See Blair*, 174 W.Va. at 253, 324 S.E.2d at 396. While it is

apparent from the record that the appellant has only the most enuous claim to equitable relief, nevertheless he has a right to expect due process under the law.

## II.

It is, of course, the legislature's prerogative to specify the conditions upon which a divorce may be granted. *State ex rel. Watson v. Rodgers*, 129 W.Va. 174, 39 S.E.2d 268 (1946); *White v. White*, 106 W.Va. 569, 146 S.E. 376 (1929). Article two of chapter forty-eight of the West Virginia Code is the statute controlling divorce in this state, and section ten of that article provides, in part, that

the complaint shall not be taken for confessed, and whether the defendant answers or not, the case shall be tried and heard independently of the admissions of either party in the pleadings or otherwise; and no judgment order shall be granted on the uncorroborated testimony of the parties or either of them.

Article eight, section three of the Constitution of West Virginia makes it clear that only the Supreme Court of Appeals has the power to promulgate rules for the conduct of all judicial cases and proceedings. To that end, we have adopted the rules of civil procedure to be followed by the trial courts of record in this state. These rules apply to actions for divorce, W.Va.R.Civ.P. 81(a)(2), and are to be construed so as to do substantial justice, W.Va.R.Civ.P. 1, 61; *Amos v. Carr*, 170 W.Va. 150, 291 S.E.2d 465 (1982). Consistent with the statute, our rules insure that an independent determination is made by the court that there are adequate grounds for divorce. Rule 81(a)(2); Olson, Modern Civil Practice in West Virginia § 10.13 (1984).

While both the statute and the procedural rule require independent proof of the allegations of the complaint of divorce beyond the uncorroborated testimony of

---

constitute a general appearance, *see Fulton v. Ramsey*, 67 W.Va. 321, 68 S.E. 381 (1910), in this case no one contests the fact that the appellant appeared at the commissioner's hearing prepared to address the merits of the complaint for divorce.

2. This same duty applies to proceedings before the family law masters appointed pursuant to article 4, chapter 48A of the West Virginia Code.

the parties, when the defendant does not answer or appear, the court must, of necessity, evaluate the unchallenged testimony presented by the plaintiff. When, however, the defendant appears at the hearing prepared to address the merits of the complaint, it is violative of the purpose of the statute to allow the plaintiff's evidence to go unchallenged.

■ It is well accepted that courts look with disfavor on judgments obtained by default. *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 376, 175 S.E.2d 452, 456 (1970). The law strongly favors providing a defendant with an opportunity to make a defense to an action against him. *Graley v. Graley,* 174 W.Va. 396, 327 S.E.2d 158, 160 (1985); *Intercity Realty,* 154 W.Va. at 376, 175 S.E.2d at 456; *Plumley v. May,* 140 W.Va. 889, 893, 87 S.E.2d 282, 285 (1955). These general principles apply even more strongly in the case of divorce, where the Code prohibits the complaint from being taken as confessed. W.Va. Code § 48–2–10.

The appellant, for all practical purposes, was treated as if he were in default and the judgment was entered against him without his having been allowed to respond to the merits of the complaint or the accuracy of the commissioner's findings. This treatment is especially ironic when it is recalled that, even in a default situation, the court normally holds a separate damage inquiry, in which the defendant is allowed to participate. M. Lugar and L. Silverstein, West Virginia Rules of Civil Procedure 422 (1960); *see Coury v. Tsapis,* 172 W.Va. 103, 304 S.E.2d 7 (1983); Syllabus, *Farley v. Economy Garage,* 170 W.Va. 425, 294 S.E.2d 279 (1982); W.Va.R.Civ.P. 55(b)(2).

■ In *Graley,* this Court adopted a four part test to determine if relief from what is effectively a default judgment in a divorce case is appropriate. While the appellant's counsel did not label his post-judgment motion as a motion under Rule 60(b) of the West Virginia Rules of Civil Procedure, it is apparent that this was the type of relief sought by the appellant, and the motion should have been so dealt with by the circuit court. In deciding whether to grant relief from its judgment, on remand the court should consider, as of the date of the commissioner's hearing: (1) the degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party. *Graley,* 174 W.Va. 398, 327 S.E.2d at 159–60; *Parsons v. Consolidated Gas Supply Corp.,* 163 W.Va. 464, 468, 256 S.E.2d 758, 762 (1979).

For the reasons stated herein the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

Reversed and remanded.