# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Walter B.,**
**Petitioner Below, Petitioner**

**FILED**

December 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1467** (Webster County 10-D-75)

**Amanda B.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner, Walter B., by counsel Shannon Thomas, appeals the October 25, 2012 order of the Circuit Court of Webster County, which affirmed the Family Court's final order denying, in part, the petitioner's motion for reconsideration. Respondent Amanda B., *pro se,* filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 12, 2010, respondent filed a petition for divorce in the Family Court of Webster County on the grounds of irreconcilable differences. The parties consented to a divorce settlement agreement and the Family Court entered the divorce decree at the subsequent final hearing. The parties' agreement provided, *inter alia*, that: respondent waive her right to alimony, respondent keep the marital home, petitioner pay child support in a given amount, petitioner pay all costs associated with the real property (including the home mortgage and utility payments), petitioner retain his truck and log truck, and petitioner pay one thousand dollars a month in child support.

On April 1, 2011, respondent filed a petition for contempt asserting that petitioner was behind on utility payments required by the settlement agreement and resultant decree. Petitioner filed a response and a motion for reconsideration on June 30, 2011, on the ground that the divorce agreement was unconscionable. The family court reduced the child support payments and also relieved petitioner from making respondent's utility payments. On July 25, 2012, petitioner filed a second motion for reconsideration to eliminate his obligation to make mortgage payments on respondent's house. The motion was denied. On July 26, 2012, petitioner was held in contempt for continued failure to satisfy the mortgage payments. Petitioner filed a petition for appeal on July 26, 2012, in the Circuit Court of Webster County, and the circuit court refused the appeal by order entered on October 25, 2012.

We have held:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*."

Syl. Pt. 1, *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004).

Petitioner presents five assignments of error on appeal. First, petitioner argues that the circuit court erred when it incorrectly affirmed the family court's order in light of West Virginia Code § 48-7-102 [2001] which states that "[i]n cases where the parties to an action commenced under the provisions of this chapter have executed a separation agreement, then the court shall divide the marital property in accordance with the terms of the agreement, unless the court finds: (1) That the agreement was obtained by fraud, duress or other unconscionable conduct by one of the parties . . . [or] (3) [The agreement] is so inequitable as to defeat the purposes of this section, and such agreement was inequitable at the time the same was executed." The crux of petitioner's first assignment of error is that the circuit court failed to make the requisite finding that the parties' agreement was fair and equitable.

The facts in the present case indicate that petitioner had full access to the financial assets of his spouse. Petitioner was given a complete financial statement of all the marital assets the couple owned. Petitioner also assured the family court that the agreement had not been made under "fraud, duress, or other unconscionable conduct . . . ." The husband accepted the settlement proposed by respondent despite being fully informed by the family court that the agreement raised some red flags and the court was concerned with petitioner's ability to meet the obligations. The family court informed petitioner that once the order was entered, it would be difficult to reverse. Furthermore, the family court gave petitioner time to consult with an attorney, but notwithstanding that offer, petitioner accepted the agreement. In reviewing the agreement, the circuit court needed only to find that the family court was reasonable and did not abuse its discretion when approving the same. Therefore, we affirm the circuit court's holding that the agreement is not a violation of West Virginia Code § 48-7-102.

Second, petitioner alleges that the circuit court erred by failing to provide him reasonable representation. This Court has held that "[t]he trial court must strive to insure that no person's cause or defense is defeated solely by reason of his unfamiliarity with procedural or evidentiary rules." Syl. Pt. 2, *Bego* v. *Bego,* 177 W.Va. 74, 76, 350 S.E.2d 701, 703 (1986). Moreover, "[t]he court should strive . . . to ensure that the diligent *pro se* party does not forfeit any substantial rights by inadvertent omission or mistake. Cases should be decided on the merits, and to that end, justice is served by reasonably accommodating all parties, whether represented by counsel or not." *Blair v. Maynard,* 174 W.Va. 247, 253, 324 S.E.2d 391, 396 (1984).

Here, the family court did everything possible to ensure that petitioner received a fair trial despite being unrepresented. The family court judge provided several opportunities for petitioner to seek counsel and advised petitioner to do so many times. The court informed the petitioner on numerous occasions that he would have a difficult time making the proposed payments and that petitioner should not accept the deal without first consulting counsel. Petitioner was asked if he thought it was a fair agreement; he

said it was. The court even went so far as to tell petitioner he was paying too much in child support in regard to the calculation set forth by state law. The record shows that petitioner was fully informed on all aspects of the proceedings by the court and was not disadvantaged. Therefore, petitioner's interests were adequately represented.

Third, petitioner argues that the circuit court erred by affirming the family court when it failed to make modifications to the divorce decree retroactive to the date of the divorce action. We have held:

> The authority of a family court to modify a spousal support or child support award is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a family court is without authority to modify or cancel accrued alimony or child support installments.

Syl. Pt. 2, *Hayhurst* v. *Shepard,* 219 W.Va. 327, 328, 633 S.E.2d 272, 273 (2006).

There is no evidence in the record before us that respondent acted fraudulently. Petitioner knew or should have known the payments of the divorce decree, along with the child support, and he willingly entered into that agreement. It is notable that he only filed the first motion for reconsideration after his circumstances had changed, making his ability to meet the obligations of the divorce decree difficult. The lower court was correct in declining to modify the order retrospectively back to the time of the divorce.

Fourth, petitioner alleges that the circuit court erred in affirming the family court order which held petitioner in contempt without proper consideration for his ability to comply with the court order. Petitioner claims he is unable to comply with the order. This Court has held "[w]here a contemnor alleges financial inability to pay in a civil contempt proceeding, he bears the burden of proving such inability to comply with a court mandate in order to avoid imprisonment." *State ex rel. Zirkle v. Fox,* 203 W.Va. 668, 669, 510 S.E.2d 502, 503 (1998). This Court has also stated that "[a] party may not ordinarily be held in contempt for failure to perform an act that the party is unable to legally perform, if the evidence establishes that the party's inability to legally perform the act is not the party's fault." Syl. Pt. 2, *Watson v. Sunset Addition Prop. Owners Ass'n, Inc.,* 222 W.Va. 233, 664 S.E.2d 118 (2008).

Here, the evidence does not establish that petitioner was unable to comply with the order. The record shows that petitioner had an employment opportunity which would pay twenty dollars an hour, an amount more than sufficient to satisfy the family court order. Petitioner admitted to quitting the job after two days, "more or less." He also received an insurance check for $19,000 after a trucking accident, and he used that money to pay off a debt related to the truck. The evidence showed petitioner had the ability to pay but instead chose not to do so. The circuit court correctly affirmed the family court's contempt order.

Lastly, petitioner argues the circuit court erred in affirming the family court which held him in contempt for failure to make monthly house payments which were not mentioned in the pleadings. The record shows that petitioner knew he would be responsible for the house mortgage because he admitted to it. The record also shows that the original divorce agreement stated the husband would be responsible for all costs associated with the real property, which included the house. Therefore, the circuit court was correct in affirming the family court order because the mortgages were, in fact, mentioned in the pleadings.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Webster County to affirm the family court's order.

Affirmed.

**ISSUED:** December 16, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II