# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH EUGENE HOWARD,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-471**    (Cir. Ct. Wood Cnty. Case No. CC-54-2023-C-79)

**AMBER WATKINS,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Howard appeals the July 31, 2023, order entered by the Circuit Court of Wood County which dismissed Mr. Howard's complaint after Mr. Howard failed to appear at trial. Ms. Watkins did not participate in this appeal.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At the outset, we note that the appendix record in this matter is exceedingly sparse, and so our recitation of facts is necessarily brief. From the circuit court's docket sheet, we can determine that on March 10, 2023, Mr. Howard filed a complaint against Ms. Watkins. On March 27, 2023, Ms. Watkins filed an ex parte affidavit with the court and requested that Mr. Howard be prohibited from obtaining her personal identifying information. The circuit court granted that request by order entered on March 28, 2023.

After that date, the circuit court docketed receipt of correspondence from Mr. Howard on April 5, 2023; receipt of a motion for discovery and motion for order on April 24, 2023; receipt of a proposed settlement agreement on May 15, 2023; receipt of correspondence from Mr. Howard to Ms. Watkins on May 19, 2023; receipt of a letter from Mr. Howard on June 5, 2023, requesting subpoena forms; and receipt of a motion for default judgment on June 5, 2023.

---

[1] Mr. Howard is self-represented.

1

On June 7, 2023, the court entered an order denying default judgment and setting a bench trial for July 31, 2023. On June 14, 2023, Mr. Howard filed the return of service of a subpoena served on Ms. Watkins. On July 31, 2023, the court entered its dismissal order, stating that the bench trial was set for the same day and that Ms. Watkins appeared, but Mr. Howard did not. Accordingly, the court ordered the case dismissed. The docket sheet reflects that the case was closed as of July 31, 2023, however, another document was received after that date. On August 16, 2023, the clerk received a letter from Mr. Howard, but the letter's substance is not reflected on the docket sheet.

Mr. Howard appeals the dismissal order herein. We must note that Mr. Howard's brief does not state any assignments of error, nor does it comply with the requirements of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure in terms of containing "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." As we have observed previously, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's*, *Inc.*, 22-ICA-162, 2023 WL 4027501, at \*4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal)). However, as has been our past practice, we will be mindful that "[w]hen a litigant chooses to represent himself, it is the duty of the [court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party." *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986).

Therefore, we will address the sole issue we can reasonably determine comprises the crux of Mr. Howard's appeal. Upon review, we conclude that issue is that the trial court erred when it dismissed Mr. Howard's complaint because he claims there was a pending motion for disqualification of the presiding judge that should have suspended all activity in the case until it received a ruling from our Supreme Court of Appeals, pursuant to Virginia Trial Court Rule 17.01.

Mr. Howard argues that he filed a "Motion for Disqualification" on July 5, 2023, regarding the trial court judge and mailed copies to the circuit court, the circuit clerk, and to the Chief Justice of the Supreme Court of Appeals of West Virginia. In his appendix before this Court, Mr. Howard included a handwritten motion for disqualification which states it was submitted on July 3, 2023, and bears a notary stamp and signature dated July 5, 2023. However, as evidenced by the court's docket sheet, no motion for disqualification was filed with the circuit court in July of 2023. Indeed, the only filing docketed in July 2023 was the court's dismissal order. Therefore, we find no merit in this argument and no error by the circuit court[2].

---

[2] We also note that this Court lacks jurisdiction to hear any argument regarding judicial disqualification pursuant to the West Virginia Appellate Reorganization Act, West

Accordingly, we affirm the circuit court's July 31, 2023, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

Virginia Code § 51-11-1, *et seq*. *See also* Trial Ct. R. 17.01 (specifying disqualification procedure).