# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RAE R.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-61**    (Fam. Ct. Kanawha Cnty. Case No. FC-20-2017-D-254)

**STANLEY B.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rae R. ("Mother")[1] appeals the Family Court of Kanawha County's January 17, 2025, order that denied Respondent Stanley B.'s ("Father") petition for contempt.[2] Father did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties are the parents of one child who was born in 2011. In December of 2011, pursuant to West Virginia Code § 16-5-10(h) (2024), the parties signed a notarized Declaration of Paternity Affidavit, acknowledging that Father was the biological father of the child. In 2017, the parties entered into a parenting agreement, which was incorporated into a final order that was entered by the family court on May 22, 2017.

On October 30, 2024, Father filed a petition for contempt alleging that Mother was in contempt for questioning the paternity of the child, and by being argumentative about parenting time. On January 15, 2025, the family court held a hearing on Father's petition for contempt, and subsequently entered a final order on January 17, 2025, denying Father's petition.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is self-represented.

1

The family court found that Father testified that although he always received his parenting time, it was often a hassle, and Mother testified that she had only discussed paternity issues with Father. The court explained that Mother was uncertain whether the child overheard their conversations regarding paternity. The family court also stated that it had found Father as the legal and biological father of the child by previous court orders and Mother had alleged and swore that Father was the biological father of the minor child when she initiated the original action in her petition for support and allocation of custodial responsibility. The family court ultimately determined that Mother was not in contempt but restricted the parties from discussing paternity issues with or around the child. It is from this order that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

We must note at the outset that Mother's brief fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure because it fails to contain an argument pointing to the law or authority relied on or "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." As we have previously acknowledged, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's, Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal)). However, as has been our past practice, we will be mindful that "[w]hen a litigant chooses to represent himself, it is the duty of the [court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party." *Joseph B. v. Candie G.*, No. 24-ICA-425, 2025 WL 1604532, at *2 (W. Va. Ct. App. June 6, 2025) (memorandum decision) (citing *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986)).

On appeal, Mother raises three assignments of error. However, only her second assignment of error is an appealable issue.[3] Mother argues that the family court's finding that she swore Father was the biological father of the child was clearly erroneous. We disagree.

In paragraph eleven of the family court's order, it found that "[i]n the filing of the original Petition for Support and Allocation of Custodial Responsibility, [M]other alleged and swore that [F]ather was the biological father of the minor child." Rule 9 of the Rules of Practice and Procedure for Family Court provides that, pursuant to West Virginia Code § 51-2A-2 (2018), a proceeding for child support or allocation of custody "shall be commenced by filing a *verified* petition with the circuit clerk." (emphasis added). Further, the last page of the standard Petition for Support and/or Allocation of Custodial Responsibility form promulgated by the Supreme Court of Appeals of West Virginia ("SCAWV") requires a petitioner to swear by oath or affirmation that the facts in the petition are true by signing the verification before a notary public.

Here, Mother, as the party who commenced the initial proceeding before the family court, was required to sign a verification swearing that the information she provided in her petition was true. While the initial Petition for Support and/or Allocation of Custodial Responsibility was not submitted to this Court on appeal, the fact that Father is the opposing party in this action leaves us with no doubt that Mother listed Father as the child's biological father in the appropriate section of the SCAWV's standard form when she initiated these proceedings in family court. Additionally, Mother swore that Father was the child's biological father in the Declaration of Paternity Affidavit ("Declaration") she submitted to this Court. The very first sentence of the Declaration states that Mother and Father, "being duly sworn, acknowledge that the above[-]named father is the biological father of [the child]." Thus, we conclude that the family court's finding that Mother swore to Father being the child's biological father was not clearly erroneous.

Mother's remaining assignments of error raise various claims about the child's health problems, which are not relevant to this matter. While we sympathize with Mother for trying to get proper medical treatment for her child, her assertions raise no appealable issues from the family court's January 17, 2025, order, and her brief alleges facts and makes pleas and requests that this Court cannot properly consider. "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a [reviewing] court to the nature of the claimed defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Upon review, it appears that Mother's contentions were never brought before the family court. "While it is

---

[3] Mother's remaining assignments of error assert that incorrect medical data is being given to the child's medical providers and that the signatures on the paternity affidavit were "uninformed" because the conception date was missed.

well established that courts must provide pro se litigants with certain accommodations, their appeals must still present cognizable legal reasons to justify setting aside a court's ruling on appeal." *David M. v. W. Virginia Dep't of Hum. Servs. Bureau for Child Support Enf't*, No. 24-ICA-217, 2024 WL 5003597, at *4 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision). We therefore conclude that the family court did not abuse its discretion or clearly err by denying Father's petition for contempt. As such, we find no basis in law to warrant relief now requested by Mother.

Accordingly, we affirm the Family Court of Kanawha County's January 17, 2025, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White