# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

IN RE: G.T.

No. 25-ICA-114   (Fam. Ct. Jefferson Cnty. Case No. FC-19-2024-FIG-20)

**FILED**

**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Agness H.[1] appeals the Family Court of Jefferson County's December 4, 2024, Final Order of Appointment of Minor Guardian. Respondent Tabitha A. filed a response in support of the family court's decision.[2] The guardian ad litem filed a summary response. Agness H. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At the outset, we note that the factual history in this case is quite sparse. The minor child and subject of this appeal, G.T., was born in 2016. Tabitha A. ("Mother") is the child's mother. The child's father, Heloi T., died intestate on December 3, 2022, leaving G.T. as his sole heir at law. Mother was never married to Heloi T. Agness H. is the paternal aunt of G.T. Agness H. was the administratrix of the estate of Heloi T. The family court found that Heloi T.'s intestate estate included real estate, vehicles, financial accounts, and tangible personal property.

At some point, either Mother or the child's guardian ad litem filed a petition to appoint Mother the guardian of the estate of G.T. to receive and manage the assets inherited by G.T. Following a hearing on November 20, 2024, the family court granted the petition

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Agness H. is self-represented. Tabitha A. is represented by Tammy McWilliams, Esq., and Victoria Camardi, Esq. Robin Skinner Prinz, Esq., appears as the child's guardian ad litem.

and appointed Mother the guardian of G.T. and his estate.[3] It is from this order that Agness H. appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

However, as our Supreme Court of Appeals has held,

An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *Cobble v. Lester*, No. 24-ICA-201, 2024 WL 5201017, at *2 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision).

---

[3] While this matter concerns the estate inherited by G.T., the family court nevertheless appointed Mother as guardian of both G.T. and his estate. In regard to the appointment of Mother as guardian of G.T., we note that,

[a] parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality[,] abandonment, or other dereliction of duty, or has waived such right, or by agreement or otherwise has permanently transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts.

Syl., *State ex rel Kiger v. Hancock,* 153 W. Va. 404, 168 S.E.2d 798 (1969). Here, there is nothing in the limited record before the Court that indicates that Mother is unfit, has waived her right to custody, or has transferred, relinquished or surrendered custody of G.T. Therefore, Mother has a natural right to the custody of G.T. Accordingly, the appointment of Mother as guardian of her child appears to be unnecessary and redundant.

Here, we are unable to determine that the family court erred in the appointment of Mother as the guardian because Agness H. has failed to properly brief this matter and has failed to provide an adequate appendix record. Agness H.'s brief does not contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues were presented to the family court, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[4] Rather, Agness H.'s brief focuses on issues that are apparently unrelated to the family court order on appeal, such as custodial allocation and decision making, visitation, and Mother's ability to pay a mortgage and certain debts allegedly associated with the estate of Heloi T. We are mindful that "[w]hen a litigant chooses to represent [themself], it is the duty of the [Court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party[.]" *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986). However, "[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a [reviewing] court to the nature of the claimed defect." Syl. Pt. 2*, State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Further, the issues raised by Agness H. in her brief are unsupported by the limited record furnished on appeal. Pursuant to Rule 7(d) of the West Virginia Rules of Appellate Procedure, Petitioners, such as Agness H., are required to file an appendix containing: the order appealed from, and all other orders applicable to the assignments of error on appeal; pleadings, motions, and other filings, if at issue or material; material excerpts from official transcripts of testimony; critical exhibits; a complete docket sheet; and other parts of the record necessary for consideration of the appeal. The two-page appendix record submitted by Agness H. does not contain any of the material necessary to evaluate her assignments of error. Accordingly, Agness H. has failed to demonstrate error in the family court's order.

Therefore, we affirm the family court's December 4, 2024, Final Order of Appointment of Minor Guardian.

Affirmed.

---

[4] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure states that:

The brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White