# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SHELIA HALLMAN-WARNER,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-125**        (Cir. Ct. Mercer Cnty. Case No. CC-28-2024-C-222)

**BLUEFIELD STATE UNIVERSITY,**
**UMINA LEGAL, and**
**BAILEY & WYANT, PLLC,**
**Defendants Below, Respondents**

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Shelia Hallman-Warner appeals the Circuit Court of Mercer County's December 9, 2024, January 30, 2025, and February 18, 2025, orders. In those orders, the circuit court dismissed Ms. Hallman-Warner's claims against all Respondents. Respondents Bluefield State University ("Bluefield State"), Umina Legal, and Bailey & Wyant, PLLC, each filed separate responses in support of the circuit court's orders.[1] Ms. Hallman-Warner did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hallman-Warner was employed as a criminal justice professor at Bluefield State. On August 20, 2018, Ms. Hallman-Warner, by counsel, Ryan Umina, Esq., of Umina Legal, filed a complaint against Bluefield State in the Circuit Court of Kanawha County alleging that Bluefield State intentionally provided false and misleading information to the county prosecutor in order to maliciously prosecute a misdemeanor criminal charge against Ms. Hallman-Warner for an incident that occurred at Bluefield State. Although the matter was ultimately settled, Ms. Hallman-Warner sought to invalidate the settlement. The circuit court denied her attempt to invalidate the settlement, and this Court affirmed that decision. *See Hallman-Warner v. Bluefield State Coll. Bd. of Governors*, No. 22-ICA-38, 2023 WL

---

[1] Ms. Hallman-Warner is self-represented. Bluefield State University is represented by Chip E. Williams, Esq., and Jared C. Underwood, Esq. Umina Legal is represented by Arie M. Spitz, Esq., and Lauren E. Motes, Esq. Bailey & Wyant, PLLC, is represented by Michael J. Farrell, Esq., and J. Ben Shepard, Esq.

1

2367454, at *1 (W. Va. Ct. App. Mar. 6, 2023) (memorandum decision). Ms. Hallman-Warner appealed this Court's memorandum decision to the Supreme Court of Appeals of West Virginia, which affirmed our decision. *See Hallman-Warner v. Bluefield State Coll. Bd. of Governors*, No. 23-267, 2025 WL 3286530, at *1 (W. Va. Nov. 25, 2025) (memorandum decision).[2]

On March 15, 2023, Ms. Hallman-Warner filed a complaint against Mr. Umina for malpractice, which the Circuit Court of Kanawha County ultimately dismissed. This Court affirmed the dismissal. *See Hallman-Warner v. Umina*, No. 24-ICA-132, 2024 WL 5201011, at *1 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). This Court's memorandum decision in that matter is currently on appeal to the Supreme Court of Appeals of West Virginia.

Turning to the instant matter, on September 16, 2024, Ms. Hallman-Warner filed her complaint against Bluefield State, Bailey & Wyant, PLLC, and Umina Legal, this time in the Circuit Court of Mercer County. Ms. Hallman-Warner filed the complaint as "The Professor" and not in her actual name. As mentioned previously, Bluefield State was Ms. Hallman-Warner's former employer and Umina Legal, through Mr. Umina, represented Ms. Hallman-Warner in the prior litigation against Bluefield State. Bailey & Wyant, PLLC, represented Bluefield State in the prior litigation.

The pro se complaint in the instant matter asserted claims for financial exploitation of the elderly, financial exploitation of taxpayers, fraudulent schemes, legal malpractice, intentional infliction of emotional pain and suffering, retaliation, civil conspiracy, undue influence, duress, coercion, entrapment, and conspiracy.[3] The complaint sought $24,000,000 in damages. The complaint largely mirrors the allegations of Ms. Hallman-Warner in the prior cases before the Court and alleges she was targeted for speaking out at Bluefield State, was forced to resign her position at Bluefield State, was forced into the prior settlement agreement as a result of duress and coercion, was treated unfairly, was humiliated and insulted by the actions of the Respondents and the courts, and that the various Respondents consider themselves to be above the law.

On October 17, 2024, Bailey & Wyant, PLLC, filed its motion to dismiss which raised concerns about Ms. Hallman-Warner's competency and asked for dismissal on the grounds that Ms. Hallman-Warner could not sue them for malpractice as Bailey & Wyant, PLLC, was not employed by her, the statute of limitations expired as to any claim against it, litigation privilege shielded it from liability, Ms. Hallman-Warner failed to file suit in

---

[2] However, the Supreme Court has not issued the mandate in that matter and therefore the memorandum decision is not yet final. *See* Rule 26 W. Va. R. App. P. ("Unless otherwise provided, an opinion or memorandum decision of the Court considering the merits of a case is not final until the mandate has been issued.")

[3] Though unclear, Ms. Hallman-Warner may have intended the complaint to also assert a claim for "Elder Abuse" as those words are handwritten at the end of the complaint.

her own name, and the complaint failed to state a claim. Similarly, on October 31, 2024, Bluefield State moved to dismiss the complaint based on several of the same legal theories as well as the doctrine of res judicata and a release of all claims executed as part of the prior settlement. On November 18, 2024, Umina Legal also moved to dismiss on the grounds that the complaint was barred by the doctrine of res judicata, failed to state a claim upon which relief can be granted, and was filed after the expiration of the statutes of limitations. Each motion was separately noticed for a hearing to occur on December 5, 2024, at 1 p.m.[4]

A hearing was held by the circuit court on all the motions to dismiss on December 5, 2024. In its written orders following the hearing, the circuit court notes that Ms. Hallman-Warner was not present for the hearing, so the court attempted to solicit her participation by calling Ms. Hallman-Warner three times and leaving her a voicemail inviting her to participate in the hearing telephonically, though she did not respond. Following the hearing, the circuit court dismissed the case against each Respondent in separate orders.

On December 9, 2024, the circuit court entered the order dismissing the case against Bailey & Wyant, PLLC. In that order, the circuit court concluded that the claims against Bailey & Wyant, PLLC, were time barred, failed as a matter of law, were barred by litigation privilege, were barred by the release in the settlement agreement executed by Ms. Hallman-Warner, and Ms. Hallman-Warner otherwise failed to state a claim as to all counts due to the insufficiency of factual allegations. The circuit court dismissed the case against Bailey & Wyant, PLLC, with prejudice.

On January 30, 2025, the circuit court entered the order dismissing the case against Bluefield State. In that order, the circuit court concluded that the claims against Bluefield State were barred by the doctrine of res judicata and were otherwise time barred. The circuit court dismissed the case against Bluefield State, with prejudice.

On February 18, 2025, the circuit court entered the order dismissing the case against Umina Legal. In that order, the circuit court concluded that the claims against Umina Legal were barred by the doctrine of res judicata and further, Ms. Hallman-Warner failed to properly serve Umina Legal. The circuit court went on to conclude that certain counts of the complaint failed to state a claim against Umina Legal, while other counts were barred by the statute of limitations. The circuit court likewise dismissed the complaint case against Umina Legal with prejudice.

It is from these three orders that Ms. Hallman-Warner appeals.[5]

---

[4] Bluefield State filed its Notice of Hearing on November 8, 2024. Bailey & Wyant, PLLC and Umina Legal each filed a Notice of Hearing on November 18, 2024.

[5] On December 16, 2024, Ms. Hallman-Warner filed a motion for reconsideration, which the circuit court denied on January 24, 2025.

Our standard of review for the December 9, 2024, January 30, 2025, and February 18, 2025, orders is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). With this standard in mind, we turn to the assignments of error but are mindful that "[w]hen a litigant chooses to represent [themself], it is the duty of the [Court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party[.]" *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986).

On appeal, Ms. Hallman-Warner first asserts that the circuit court erred by essentially allowing the Respondents' attorneys to notice a hearing on their respective motions to dismiss and by failing to grant her request to delay the hearing. We disagree. Ms. Hallman-Warner does not cite any authority for her proposition that attorneys cannot notice a hearing date and must instead file a motion for a hearing date with the circuit court. Further, Rule 6(d) of the West Virginia Rules of Civil Procedure prescribes time frames for the service of motions and notices of hearings which ensure an opposing party has adequate notice. [6] Indeed, the Supreme Court of Appeals of West Virginia has articulated that the purpose of the notice requirement of "Rule 6(d) is to prevent a party from being prejudicially surprised by a motion." *Daniel v. Stevens*, 183 W. Va. 95, 104, 394 S.E.2d 79, 88 (1990). Here, the record reflects that the hearing on the motions was adequately noticed by the Respondents under the version of Rule 6(d) in effect at the time. Further, in regard to the circuit court's alleged failure to grant Ms. Hallman-Warner a continuance of the hearing, there is nothing in the record that demonstrates that there was good cause for granting a continuance of the hearing. Rule 22.05 of the West Virginia Trial Court Rules states that "[i]f any of the parties fail to appear at an oral argument or hearing, without prior showing of good cause for non-appearance, the court may proceed to hear and rule on the motion." Here, not only did Ms. Hallman-Warner receive adequate notice of the hearing, but the circuit court then attempted to contact Ms. Hallman-Warner to obtain her telephonic participation in the hearing, to no avail. Accordingly, we find that the circuit court did not err in this regard.

Ms. Hallman-Warner's second assignment of error asserts that the circuit court erred by entering one order within four days of the hearing but also erred by delaying the entry of the other two orders. However, Ms. Hallman-Warner has failed to demonstrate error or prejudice on this issue. *See Walker v. Fazenbaker,* No. 18-1062, 2020 WL 598327, at *5 (W. Va. Feb. 7, 2020) (memorandum decision) (early entry of an order in violation of Rule 24.01 in that matter was harmless); *see also Vogt v. Macy's*, Inc., 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v.*

---

[6] At the time the circuit court issued its order, the proceedings were governed by the version of Rule 6 adopted by the Supreme Court of Appeals of West Virginia in 1998. Rule 6 was amended by the Supreme Court, effective January 1, 2025.

*Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal)). Moreover, as our Supreme Court of Appeals has held,

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *Cobble v. Lester*, No. 24-ICA-201, 2024 WL 5201017, at *2 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). Ms. Hallman-Warner does not explain how she was prejudiced by the action of the circuit court in this regard and has provided no authority to support her cursory argument that it is reversible error for the circuit court to issue its orders in the manner that it did. Indeed, the Rules of Civil Procedure specifically permit a circuit court to enter an order resolving certain claims against certain parties without disposing of the entire case. *See* W. Va. R. Civ. P. 54(b) (1998). Accordingly, we find that Ms. Hallman-Warner has failed to demonstrate error in this regard.

Ms. Hallman-Warner's third assignment of error argues that the circuit court erred by dismissing the matter due to an incorrect statute of limitations calculation.[7] Ms. Hallman-Warner's fourth and final assignment of error asserts that the circuit court "erred in failure to delay action pending WV Supreme Court of Appeals decision[.]" However, it does not appear that Ms. Hallman-Warner argued either issue in her Petitioner's Brief. Her brief does not contain an argument relating to either issue that "clearly exhibit[s] the points of fact and law presented [or] the standard of review applicable" nor does the brief "cit[e] the authorities relied on, under headings that correspond with the assignments of error." W. Va. R. App. P. 10(c)(7). Further, her brief does not "contain appropriate and specific citations to the record on appeal." *Id*. Accordingly, since Ms. Hallman-Warner failed to brief these issues, we find that she has failed to demonstrate error in either regard.

For the foregoing reasons, we affirm the Circuit Court of Mercer County's December 9, 2024, January 30, 2025, and February 18, 2025, orders.

Affirmed.

---

[7] The Court notes that it has previously decided the statute of limitations issue in regard to Mr. Umina in *Hallman-Warner v. Umina*, No. 24-ICA-132, 2024 WL 5201011, at *1 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). Insomuch as Ms. Hallman-Warner asserts this assignment of error in regard to Umina Legal, the appeal of that decision is currently pending before the Supreme Court of Appeals and is therefore not properly before this Court.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White