# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ALFREDO CASTILLO-REYES,**
**Defendant Below, Petitioner**

**v.) No. 25-ICA-503**  (Cir. Ct. Hardy Cnty. No. CC-16-2025-C-AP-2)

**BOBBI G. INGALLS,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alfredo Castillo-Reyes appeals the December 1, 2025, order of the Circuit Court of Hardy County that denied his appeal of the magistrate court order, which ordered him to vacate the property located in Baker, West Virginia, and pay court costs. Respondent Bobbi G. Ingalls filed a response.[1] Mr. Castillo-Reyes filed a reply. The issue on appeal is whether the circuit court erred by directing Mr. Castillo-Reyes to vacate the property on or before December 21, 2025, and to pay court costs.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

From the outset, we note that the record on appeal is sparse, which limits this Court's recitation of facts. This matter arises from an eviction proceeding brought by Ms. Ingalls in Hardy County Magistrate Court seeking to evict Mr. Castillo-Reyes. It is undisputed that years before this action, Mr. Castillo-Reyes and Ms. Ingalls were married in 2007 and divorced in 2015 by order of the Circuit Court for Warren County, Virginia. In February of 2015, the Virginia court issued an order regarding the equitable distribution of the parties' marital property.

At some point in time after the divorce, Ms. Ingalls agreed to an arrangement whereby she allowed Mr. Castillo-Reyes to live in a house located in Baker, West Virginia. However, on August 11, 2025, Ms. Ingalls filed an unlawful detainer action in magistrate court seeking to evict Mr. Castillo-Reyes from the property. In her complaint, Ms. Ingalls noted that she gave Mr. Castillo-Reyes a thirty-day notice to vacate, but he failed to leave.

---

[1] Both parties are self-represented.

1

She sought possession of the property and court costs. Following a hearing on September 8, 2025, the magistrate court ruled in favor of Ms. Ingalls, granted her possession of the property and ordered Mr. Castillo-Reyes to vacate the property after the twenty-day appeal period had expired (indicating this would occur on September 30, 2025). The magistrate court found that Ms. Ingalls was the sole owner of the property and that she provided Mr. Castillo-Reyes with a thirty-day notice to vacate. The magistrate court also ordered Mr. Castillo-Reyes to pay court costs. Mr. Castillo-Reyes appealed the magistrate court's ruling to the circuit court.

On November 21, 2025, the circuit court held a bench trial de novo at which Mr. Castillo-Reyes and Ms. Ingalls appeared self-represented.[2] The circuit court admitted into evidence a deed made on December 4, 2006, regarding the property at issue. Ms. Ingalls is listed in the deed as the sole grantee. By order dated December 1, 2025, the court noted Ms. Ingalls' testimony that the deed she submitted described her property. The circuit court also noted that Mr. Castillo-Reyes admitted that his name was not on the deed, but testified that he wanted to remain on the property. Also, according to the court, Ms. Ingalls testified that after their divorce, she allowed Mr. Castillo-Reyes to live on the property in question in exchange for work, but there was no written contract to this effect. Further, the circuit court found that Mr. Castillo-Reyes lived in the house, on and off, for three or four years, and Ms. Ingalls testified that he did not pay rent and failed to perform the work he agreed to perform.

By order dated December 1, 2025, the circuit court denied Mr. Castillo-Reyes' appeal and ordered him to vacate the property within thirty days from November 21, 2025, and to pay court costs. Further, the circuit court provided that the county sheriff or a deputy may remove Mr. Castillo-Reyes and his belongings from the property if he failed to vacate on or before December 21, 2025. It is from this order that Mr. Castillo-Reyes now appeals.

On appeal, we apply the following standard of review:

---

[2] Pursuant to Rule 7(d) of the West Virginia Rules of Appellate Procedure, as a petitioner, Mr. Castillo-Reyes is required to file an appendix containing, amongst other things, "material excerpts from official transcripts of testimony." The Supreme Court of Appeals of West Virginia has previously held that an appellate court must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." *Wood v. Stiles*, No. 22-0304, 2023 WL 3071067, at \*2 (W. Va. Apr. 25, 2023) (memorandum decision) (quoting *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994)). Here, without the benefit of the trial transcript, we cannot determine what evidence was presented to the circuit court.

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

In his appeal, Mr. Castillo-Reyes raises a variety of issues, none of which are listed as assignments of error or clearly argued. Mr. Castillo-Reyes' arguments are difficult to ascertain, and he does not explain how any of these statements demonstrate an error in the circuit court's rulings. Further, there are no supporting points of fact and law or any citations to the record to assist this Court in its understanding of these arguments. We decline to consider any alleged error that we cannot decipher pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in part, that as the petitioner, Mr. Castillo-Reyes' brief "must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal).

Nonetheless, we are mindful that "[w]hen a litigant chooses to represent [themself], it is the duty of the [court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done [to] an adverse party[.]" *Bego v. Bego*, 177 W. Va. 74, 76, 350 S.E.2d 701, 703 (1986). Thus, we will only address the issues that we can decipher from Mr. Castillo-Reyes' appeal.

Mr. Castillo-Reyes raises disagreement with how the Virginia court ruled in the property distribution aspect of his divorce and asserts that the property at issue is not addressed in the final divorce order. Mr. Castillo-Reyes also indicates that he has attempted to reopen his divorce case in Virginia. Next, he makes the following assertions: he suffered humiliation and discrimination in his neighborhood; he had difficulty with immigration because of the way in which Ms. Ingalls handled taxes; he has dental problems; that he should be found to have ownership rights either to the property at issue or to other properties that are also located in Baker, West Virginia; and various other indecipherable

arguments about other property transactions that allegedly took place.[3] We disagree with Mr. Castillo-Reyes' arguments.

In her response, Ms. Ingalls acknowledges that she and Mr. Castillo-Reyes were divorced in 2016. Further, she argues that West Virginia courts do not have jurisdiction over a divorce in Virginia, and so Mr. Castillo-Reyes' arguments based on the divorce, or his multiple requests to reopen the divorce, must be disregarded. Further, Ms. Ingalls contends that Mr. Castillo-Reyes improperly raises issues about payment of taxes in what he argues is an existing marriage. Thus, Ms. Ingalls asks this Court to refuse Mr. Castillo-Reyes' appeal and that he be penalized for abusing the court system, as his frivolous "legal jargon" has no merit.

Our review of the proceedings below is significantly hampered by Mr. Castillo-Reyes' failure to include a transcript of the bench trial in the record before this Court. Without the benefit of the trial transcript, we cannot determine what evidence was presented to the circuit court. Further, the difficulty caused by the lack of a transcript is compounded by a general lack of clear and coherent arguments in Mr. Castillo-Reyes' brief. Nonetheless, as the Supreme Court of Appeals of West Virginia ("SCAWV") has held:

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966).

The court below found that Ms. Ingalls is the sole owner of the property in question, as evidenced by the December 4, 2006, deed. Further, the court found no evidence that Mr. Castillo-Reyes is entitled to possession or use of the property and that he is wrongfully occupying it. The circuit court ruled that it would not re-litigate the divorce proceedings as it did not have jurisdiction to do so. The SCAWV has consistently held that "[d]etermining the credibility of witnesses and weight of evidence is 'the exclusive function and task of the trier of fact.'" *Lilly v. Huntington Nat'l Bank*, No. 22-553, 2023 WL 7983837, at *3 (W.

---

[3] We also note Mr. Castillo-Reyes alleges he suffered racial discrimination by the circuit court. We note that the Judicial Investigation Commission has jurisdiction to hear complaints against judges for violations of the Code of Judicial Conduct. Thus, we decline to address any assignment of error related to this allegation. To the extent this argument can be construed as a due process challenge to the proceedings below by Mr. Castillo-Reyes, his argument is insufficiently developed on appeal to afford any relief by this Court on that basis.

Va. Nov. 17, 2023) (memorandum decision) (quoting *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995)). Further, Rule 52(a)(6) of the West Virginia Rules of Civil Procedure provides, in relevant part, that when a court sits without a jury, "[f]indings of fact, whether based on oral or other evidence, shall not be set aside unless clearly erroneous, and the reviewing court shall give due regard to the trial court's opportunity to judge the witnesses' credibility."

We note that the appendix filed by Mr. Castillo-Reyes contains a variety of documentation, but it is unclear whether this documentation was entered into the evidentiary record below. Regardless, the documentation is not relevant to the issue here because none of it demonstrates that Mr. Castillo-Reyes is entitled to remain on the property at issue. His attempt to relitigate the property division in his Virginia divorce case is misplaced in this eviction action. We find that Mr. Castillo-Reyes has not shown that the circuit court erred in finding Ms. Ingalls is the sole owner of the property at issue and that she was entitled to exclusive and full use of the property. Further, we do not find that the court erred in finding that Mr. Castillo-Reyes did not provide evidence or proof that he is entitled to possession or use of the property.

Therefore, finding no error, we affirm the circuit court's December 1, 2025, order.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White